OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant herein has been indicted for the crimes of conspiracy in the fifth degree (Penal Law, § 105.05) and criminal possession of stolen property in the first degree (Penal Law, § 165.50). The defendant has filed an omnibus motion which seeks the dismissal of the first conspiracy count of the indictment as facially defective (CPL 210.25, subd 1; 200.50, subd 7, par [a]), the dismissal of the indictment as unsupported by legally sufficient evidence (CPL 210.20, subd 1, par [b]; 210.30) and as having been voted upon improper legal principles (CPL 210.35, subd 5).
The court has inspected the minutes of the Grand Jury proceedings and finds the evidence legally sufficient to sustain the charges voted in each count of the indictment. The prosecutor’s charge on the law was complete and correct (CPL 210.20, subd 1, pars [b], [c]).
The court grants the defendant’s motion pursuant to CPL 210.25 (subd 1) (see CPL 210.20, subd 1, par [a]) to the *463 extent of deleting from the first count, all references to “Bribery in the Second Degree and Bribe Receiving in the Second Degree (class D felonies)”; the name “Thomas Holland;” the eighth paragraph which refers to payments of money by members of the conspiracy to Detective Thomas Holland, and overt acts numbered 23 and 28, the phrase “to make a ‘date’ with ‘Ugly’ [Thomas Holland] and ‘give him five’ ” from 35; the phrase “I’ll be ready for ‘Ugly’ [Thomas Holland]” from 37; the phrase “and then you have Ugly [Thomas Holland] for five” from 38, 39, and 40. The count is otherwise sustained, as modified.
The indictment as drafted is not jurisdictionally defective, since it contains averments of fact “supporting every element of the offense charged and the defendant’s * * * commission thereof” (CPL 200.50, subd 7, par [a]). The crime charged, conspiracy in the fifth degree (Penal Law, § 105.05, subd 1), requires that the People plead and prove that the defendant “with intent that conduct constituting * * * a felony be performed * * *• agree[d] with one or more persons to engage in or cause the performance of such conduct” and that one of the conspirators committed an overt act in furtherance of the conspiracy (Penal Law, § 105.20). The indictment in fact, alleges that the defendant with intent to commit six different felonies conspired with over 40 named conspirators and others to commit the object crimes. The indictment sets forth the outline of the conspiracy in seven subsequent paragraphs and alleges 71 overt acts committed in furtherance thereof. Accordingly, the indictment does not suffer from lack of detail (cf. People v Iannone, 45 NY2d 589, 598-599; People v Jackson, 46 NY2d 721; People v Cohen, 52 NY2d 584).
Nor is it improper for the prosecution to allege in a single conspiracy count all of the object crimes which were the purpose of the conspiracy and all of the persons who combined for that purpose. “Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the *464 others (Bork v. People, 91 N. Y. 5, 13)” (People v Nicholas, 35 AD2d 18, 20; cf. People v Rosado, 64 AD2d 172, 177).
The indictment is, nevertheless, defective to the indicated extent since “the basic essential function of an indictment qua document is * * * to notify the defendant of the crime of which he stands indicted * * * It is beyond cavil that a defendant has a basic and fundamental right to be informed of the charges against him so that he will be able to prepare a defense. Hence the courts must exercise careful surveillance to ensure that a defendant is not deprived of this right” (People v Iannone, supra, at pp 598-599). An indictment which alleges facts superfluous to the charge against the defendant, even though otherwise technically sufficient, may be as uninformative as an indictment which fails to allege essential facts. The accused is entitled to “[a] plain and concise factual statement” which describes his conduct “with sufficient precision to clearly apprise [him] * * * of the conduct which is the subject of the accusation” (CPL 200.50, subd 7, par [a]).
In a conspiracy prosecution, it is essential that the prosecution plead and prove the object crimes which were the purpose of the agreement, since it is the essential nature of the agreement by which the culpability of the participants, the relevance of alleged overt acts, the admissibility of coconspirator’s statements and such issues as venue periods of limitation, and the degree of the offense are determined (see United States v Rosenblatt, 554 F2d 36, 38-39, and cases cited therein; Penal Law, art 105). Therefore, an indictment which alleges, in addition to those conspiratorial objectives and combinations with which the evidence sufficiently connects the accused, other objectives or combinations not justified, fails to provide the accused with a fair opportunity to prepare a defense.
As previously noted, the evidence before the Grand Jury was legally sufficient to warrant the conspiracy charge against the defendant. Conversations between the defendant and other members of the conspiracy, seized pursuant to court-ordered electronic surveillance, together with other testimony, established that the defendant agreed to sell a large quantity of garments stolen by burglary from a garment manufacturer, Lynn Stevens. (People v Salko, 47 *465 NY2d 230, 239-240.) In addition, the defendant on numerous occasions referred to his previous transactions with the buyers and indicated an intimate knowledge of the operation of the fencing scheme whereby the middlemen purchasers of the stolen property would resell the stolen goods to retailers at one half the wholesale price. The evidence was accordingly sufficient prima facie to connect the defendant with the ongoing conspiracy which had as its object the theft of garments (Penal Law, §§ 140.20, 155.35), storage (Penal Law, § 165.45, subd 1; § 165.50) and ultimate sale to retailers. The fact that the defendant did not know all of the details regarding the manner in which the garments were stolen and resold or the identity of all of the participants does not amount to a failure of proof of conspiracy (Blumenthal v United States, 332 US 539, 556-557). This was a classic “chain” conspiracy, in which “the conspirators at one end of the chain knew that the unlawful business would not, and could not, stop with their buyers; and those at the other end knew that it had not begun with their sellers.” (United States v Bruno, 105 F2d 921, 922, revd on other grounds 308 US 287.) The evidence suffices to establish that the defendant knew the ongoing nature of the enterprise made his transactions possible. He knew of the ultimate resale of the goods to retailers. He also knew that the middlemen required an ongoing source of supply to make their operation profitable. (United States v Agueci, 310 F2d 817, cert den 372 US 959; United States v Nasse, 432 F2d 1293, 1297, cert den 401 US 938; United States v Morrow, 537 F2d 120, 125-126.)
There is another facet of the conspiracy with which the defendant is charged which is, in the court’s view, unsupported by the evidence. The alleged middlemen, operating as Melo Fashions, allegedly paid a detective Thomas Holland to provide confidential law enforcement information to protect the operation from investigation and the operatives from arrest. There is no evidence that the defendant participated in or had actual knowledge of this aspect of the conspiracy. Since the inference of defendant’s knowledge of the existence of others in the enterprise is justified by the essential nature of the conspiracy (United States v Agueci, supra, at p 827), and since bribery and bribe *466 receiving were not foreseeably integral to the operation of the theft and distribution of stolen property scheme, the defendant cannot justifiably be held to have agreed to the commission of these crimes (see United States v Rosenblatt, supra, at p 38; People v Vario, 56 AD2d 641). In the court’s view, the receipt at trial of evidence regarding these crimes might substantially prejudice the accused by injecting a sensational issue into the trial which is not probative of defendant’s participation in the conspiracy (cf. United States v Agueci, supra, at p 827).
Accordingly, for the foregoing reasons, that portion of the indictment which alleges an agreement to commit bribery and bribe receiving as objects of the conspiracy, and all references to Thomas Holland as a member of the conspiracy are deleted from the indictment, and the first count is sustained as modified.