OPINION OF THE COURT
Richard S. Lane, J.
Defendant was convicted before me and a jury of criminal possession of stolen property in the third degree (Penal Law, § 165.40).
Defendant moves to set the verdict aside on the grounds that the count in the accusatory instrument charging him with the crime was duplicitous, citing People v Rosado (64 AD2d 172). The People oppose, asserting that CPL 200.30, which bars duplicitous counts in an indictment, is not applicable to an information, and further asserting that *489 section 165.40 of the Penal Law permits charging possession of multiple articles in a single count.
The factual part of the information here consists of three paragraphs. The first paragraph states that defendant knowingly possessed a Mastercard credit card in the name of Grace Yao Ping Chao. Originally it read that one Michelle Mickel informed the police officer of defendant’s possession, but it was redacted at defendant’s request when he learned that Michelle Mickel would be unavailable as a witness. The second paragraph states that defendant knowingly possessed an American Express credit card and other documents in the name of Grace Yao Ping Chao which were recovered in defendant’s immediate proximity. The third paragraph states that Grace Yao Ping Chao owned the cards and other documents and defendant had no permission from her to possess them.
At trial the People offered no testimony to substantiate the charge with respect to the Mastercard card, and, at the close of the evidence, the court dismissed. The testimony with respect to the American Express credit card and other documents was solely circumstantial to the effect that théy were found in the police car next to the driver’s door after defendant had been placed against that door with the window open for the purpose of frisking.
Using the test adopted in People v Rosado (supra), defendant contends that single count in the information is duplicitous because defendant could have been convicted, either of possession of the Mastercard card, or of possession of the American Express card and other documents should the District Attorney have elected to waive the other.
Defendant is right on the law but wrong on the facts.
Even though the bar against duplicitous counts in CPL 200.30 speaks only to indictments, the court is satisfied that the law is the same for informations. The language of CPL 100.15 prescribing the form and content of an information would appear to incorporate CPL article 200. Of greater significance, perhaps, the bar is only a partial codification of the basic common-law principle that an accusatory instrument must apprise the person charged with the exact nature of case against him (see People v *490 Klipfel, 160 NY 371, 374; see People v Kiszenik, 113 Misc 2d 462, 464). Charging more than one crime in a single count violates this basic principle.
The vice of the second and fourth counts in People v Rosado (supra) was that they charged defendants with possession of a weapon without specifying whether at the time of the robbery or at the time of arrest some 45 minutes later, either of which would have been a separate and distinct crime. That the court in its charge cured the defects was held to be of no avail to the People because from the filing of the accusatory instrument throughout the trial the defendants were each charged with more crimes than there were counts.
In the instant case, however, defendant is charged with one crime and one crime only. That possession of more than one item of stolen property is charged certainly does not convert it into more than one crime. Nor does the fact that the proof necessary to establish defendant’s possession of the various items may be different. The charge is still criminal possession of stolen property in the third degree at the same time and place.
Similarly, where the Penal Law defines a crime by providing within one subdivision or paragraph different ways in which the crime may be committed, a single count may group them all together and conviction may be had on proof of less than all of them without running afoul of the bar against duplicitous counts. (Bork v People, 91 NY 5,13; People v Nicholas, 35 AD2d 18, 20; see People v Rosado, supra, at pp 177-178.)
Defendant’s motion also attacks the verdict as against the weight of the evidence. Although the court as an individual trier of fact might have found that the circumstantial evidence pointing to defendant’s guilt did not exclude all other reasonable inferences, the issue was clearly drawn for the jury in the court’s charge, there was evidence to support its determination, and the court will not usurp the jury’s prerogative.
Finally defendant’s motion attacks the court’s determination on the pretrial Sandoval motion. The court is satisfied that it carefully weighed the conflicting factors or *491 probative value and risk of prejudice, and did not abuse its discretion in allowing the People to use three out of a long list of previous convictions, even though the result may have contributed to defendant’s decision to exercise his right to remain silent.
Motion denied.