THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v CATALINO RIOS, Defendant.

Criminal Court of the City of New York, Bronx County, January 31, 1989

### APPEARANCES OF COUNSEL

*Robert M. Baum* and *Edmond C. Lugo* for defendant. *Paul Gentile, District Attorney (Annette Gorsky* of counsel), for plaintiff.

### OPINION OF THE COURT

NICHOLAS IACOVETTA, J.

There is one interesting aspect to this otherwise routine omnibus motion filed by defendant. The issue presented is whether or not the charges contained in the misdemeanor information should be dismissed because they are so lacking in specificity that they are duplicitous. Defendant is charged in three separate counts with the crimes of attempted sexual abuse in the second degree, attempted sodomy in the third degree and endangering the welfare of a child in violation of Penal Law §§ 110.00, 130.60 (2); §§ 110.00, 130.40 (2); and § 260.10 (1). For the reasons discussed below, the motion to

dismiss is granted as to the first two charges, but denied as to the third charge of endangering the welfare of a child.

### THE COMPLAINT

The accusatory portion of the information alleges that the above conduct occurred "on or about and between July 1, 1987 and August 31, 1987 at various hours", and also "on July 11, 1988 at 7 p.m."

The factual portion of the information alleges that "on numerous occasions starting July 1987, defendant picked up the deponent," asked deponent in the street vernacular to perform fellatio on defendant, and "that defendant opened his pants toward the deponent, showed the deponent pornographic magazines and offered deponent money to do what defendant asked." It also states that on "July 1, 1988 defendant picked up the deponent in his car and asked whether deponent had made up her mind about playing with his penis."

In addition, in a written response to defendant's request for exact dates defendant committed the alleged acts pursuant to CPL 200.95, the People affirmed in a bill of particulars that the alleged conduct occurred "between July 1987 and August 1987 at various times on approximately twenty separate occasions."

### THE LAW

Dismissal of an indictment for duplicity (CPL 200.30 [1]) is required where two or more offenses are alleged in one count unless the acts can qualify as a continuous crime *(People v Keindl,* 68 NY2d 410). Acts which separately comprise distinct offenses must therefore be charged in distinct counts. The crimes of sodomy and sexual abuse by their very nature punish the performance of a single act *(People v Keindl, supra).* Numerous acts of sodomy or sexual abuse performed on a single complainant may not be combined under a single count because they do not constitute a continuous crime. The fact that the current charges involved an "attempt" does not change the result, since attempt is also defined by statute in terms of a single act not a series of events. *(See,* Penal Law §§ 110.00, 15.00.)

Although the proscription against duplicitous counts in *Keindl (supra)* and in CPL 200.30 pertain to crimes contained in an indictment, there is no reason to suspect that it should

not also apply to those in an information. In both instances, the defendant has the same need to know the facts of the crime with which he is charged and when it occurred with sufficient clarity so that he may fairly defend himself as well as avoid any future double jeopardy problems.

This concept is borne out by CPL 170.30 (1) (a) and (f) which state that an information is defective if it fails to meet the requirements of CPL 170.35 or if there exists some legal impediment to conviction. CPL 170.30 and 170.35 are based upon and generally parallel CPL 210.20 and 210.25 and establish the same grounds to dismiss an information that exists for an indictment (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 170.30, at 65).* CPL 210.25 states an indictment is defective if it does not meet the requirements of CPL article 200. Duplicitous counts are clearly forbidden by CPL 200.30 and 200.50 *(see, People v Rosado,* 64 AD2d 172; *People v Murray,* 32 Misc 2d 757). In addition, CPL 100.15 (2) specifically states that a misdemeanor complaint or information may charge two or more offenses in separate counts and that the rules of joinder applicable to indictments also apply to these instruments *(see also, People v Todd,* 119 Misc 2d 488). Moreover, the right of the accused to be informed of the nature and cause of an accusation is guaranteed to the defendant not only by virtue of the above statutory considerations but also by the Sixth Amendment of the US Constitution and article I, § 6 of the NY Constitution. *(See, Russell v United States,* 369 US 749; *People v Iannone,* 45 NY2d 589.)

Because several different acts are alleged to have occurred on each of 20 separate occasions, the defendant in this case has no way of knowing which act of attempted sexual abuse or attempted sodomy he must defend against. The situation is exactly similar to *People v Keindl (supra),* where in count five

---

* In their response to defendant's motion, the People state an intent to file a "prosecutor's information pursuant to CPL 200.70" to cure any defects concerning any lack of specificity in the original information. In reality what the People actually filed was a superseding information pursuant to CPL 100.50 and not a prosecutor's information because it was signed by the victim, not the District Attorney. *(See,* CPL 100.15, 100.35.) Interestingly enough, CPL 100.35 specifically forbids duplicitous counts in a prosecutor's information pursuant to CPL 200.50. It makes no sense whatsoever not to apply that admonition to a simple information as well, especially where the People intended, albeit unsuccessfully, to file a prosecutor's information in the first place and where the new information filed charged exactly the same crimes with the same dates and same factual allegations.

of the indictment a specific act of sodomy was alleged to have occurred over a period of one month but the bill of particulars made it clear that 3 to 4 acts per week occurred during the month. Nor is this a situation akin to *People v Morris* (61 NY2d 290), wherein the court permitted the People to allege one specific act each of sodomy and rape as having occurred once during a one-month period where the victims were 5 and 6 years old. It is noted that in *Keindl* the victims were aged 8 to 11 years old and the information in the present case lists the victim as 10 years old.

The specific dates and separate acts in this case could have been set forth with more particularity. The People in their written response do not allege otherwise. The counts of attempted sodomy and attempted sexual abuse are therefore dismissed as duplicitous. The court, therefore, does not reach the issue as to whether or not they are facially invalid pursuant to CPL 170.35.

The court, however, reaches the opposite result with respect to the remaining charge of endangering the welfare of a child. By its very nature, this crime may be committed by either one act or multiple acts and is easily classified as a continuing offense over a period of time. Thus dismissal of the charge is not warranted. *(See, People v Keindl, supra.)* Moreover, the allegations of the information are facially sufficient to constitute such charge. *(See, People v Doe,* 137 Misc 2d 582; *People v Rice,* 17 NY2d 881; *People v Spencer,* 66 Misc 2d 658.)

The court also finds that the People have complied with defendant's request for a bill of particulars and demand for discovery.