OPINION OF THE COURT
Joseph Silverman, J.
Where a defendant is charged with sexual misconduct in *209 that he had sexual intercourse with a female under the age of 17 without her consent, does the prosecution have to allege in the information whether the lack of consent is based upon forcible compulsion and/or incapacity of the complainant to consent?
This issue presented itself at the conclusion of the bench trial conducted in this case. The information upon which the prosecution was based was ambiguous as to whether the lack of consent by the complainant was by reason of the force used by the defendant or whether it was also due to her inability to consent by the reason of her age. In his opening statement the prosecutor’s theory of prosecution was that the defendant used force to coerce the sexual intercourse; he never mentioned that the complainant was 16 years old at the time and could not consent. In his summation the prosecutor asked the court to convict the defendant of sexual misconduct because «of complainant’s lack of consent due to the defendant’s actions or, in the alternative, because she could not consent by reason of her age.
This court finds that because the information did not specify that lack of consent was due to the age of the complainant, that theory of prosecution will not be considered in this case.
The defendant is charged with two counts of sexual misconduct, four counts of sexual abuse in the third degree and one count of endangering the welfare of a child. The accusatory part of the information avers that there was sexual intercourse without consent. The factual allegations in the information are contained in three paragraphs.
The first paragraph alleges that the defendant "did hold the [complainant] down and did insert his penis into her vagina two times.” Hence, the two counts of sexual misconduct. The second describes the conduct constituting the four counts of sexual abuse in the third degree. The third indicates the complainant was under 17 years of age at the time of the incident.
It is the court’s interpretation that the third paragraph refers to the third charge in the information, endangering the welfare of a child, and does not refer to the charges of sexual misconduct.
In response to the defense’s bill of particulars requesting the substance of the defendant’s conduct which the prosecution intends to prove at trial, the prosecution’s answer was that the defendant engaged in sexual intercourse by actions *210 that amounted to forcible compulsion, i.e., pushed her down on the bed, pulled off her clothes and held her hands by her side.
After the prosecutor’s opening statement that the defendant used physical force to coerce the complainant, the defense attorney stated in her opening statement that sexual intercourse did take place between the complainant and her client but that there was no force used and that the liaison was a mutual one.
Certain matters of evidence were not in dispute. The complainant and the 17-year-old defendant had had at one time a boyfriend-girlfriend relationship. This relationship had lasted for a year and a half during which time there had been sexual intercourse. Three months after they broke off this relationship, they began to see one another again.
The complainant testified that the relationship during this second period was merely "Platonic” while the defendant testified it was again a sexual one. He stated that she would come to his house and his bedroom on various occasions and they would engage in sexual intercourse.
On the day of the incident, the complainant stated that she did accompany the defendant to his home and did go to his bedroom. While inside the bedroom, she described how the defendant pushed her down on the bed and forcibly had intercourse with her. The defendant testified that they did have sexual intercourse but stated it was mutual and consensual. After spending approximately four hours at defendant’s home, the complainant left and the police were called.
The defendant says she called the police because she was angry at him after he told her he no longer wanted to see her.
In his closing arguments, the prosecutor contended that the defendant used force to overcome the complainant’s resistance. Additionally, he asked the court to find the defendant guilty under the theory that the complainant, being under 17 years of age at the time, could not have consented and by the defendant having taken the witness stand and admitting he had sexual intercourse with her, the prosecution had proven its case.
It is a cornerstone of our criminal justice system that a defendant have fair notice of the accusations made against him in order to prepare a defense. (People v Spann, 56 NY2d 469.) The purpose of an accusatory instrument is to apprise the accused of what charges he is facing. In order to clarify *211 any ambiguities in the accusatory instrument, the defendant is entitled to a bill of particulars which sets forth, inter alla, the "substance of each defendant’s conduct encompassed by the charge which the people intend to prove at trial” (CPL 200.95 [1] [a]).
In the relevant sections of the Penal Law as pertaining to the facts of this case, a person is guilty of the crime of sexual misconduct when he engages in sexual intercourse with a female without her consent. (Penal Law § 130.20.) Lack of consent can result from either forcible compulsion or incapacity to consent because the female is less than 17 years of age. (Penal Law § 130.05 [2] [a], [b]; [3] [a].)
The elements of the crime of sexual misconduct are similar to the elements contained in the rape statute. However, the statutory scheme for rape distinguishes between the lack of consent by forcible compulsion and incapacity to consent. (Penal Law § 130.25 [1], [2]; § 130.35 [1], [2], [3].) When the People indict a defendant for rape, they must specify in the indictment under what subdivision the defendant is being prosecuted. Each count in the indictment must charge a separate offense and may not allege "facts which would support a conviction under more than one such subdivision or paragraph” (CPL 200.30 [2]).
In order to protect a defendant’s right to fair notice of the charges against him, the same rules governing indictments should apply to an information charging a defendant with misdemeanors in "different ways” as defined in CPL 200.30 (2).
Based upon the accusatory instrument, herein, and the prosecution’s answer in the bill of particulars, the defendant was placed on notice that the theory of prosecution was lack of consent based upon his actions and not on the complainant’s inability to consent by reason of her age. Acting upon that notice, he presented the defense that he did not use force to coerce her. If the prosecution had indicated the lack of consent was based upon both forcible compulsion and incapacity to consent, it is highly improbable that the defendant would have testified at trial admitting that he had had intercourse with the complainant.
It would be an unfair denial of defendant’s right to due process, to permit the prosecution at the conclusion of the trial to change or add a new theory of prosecution. The People are bound by the accusatory instrument, their answers in the bill of particulars and their opening statement.
*212 The prosecution could have proceeded under both theories of prosecution in this case, viz., forcible compulsion and incapacity to consent. However, before they could do so, they should have given the defense notice.
It is for these reasons the court will only consider the issue of whether the lack of consent in this case was derived from forcible compulsion.