■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK W. KINDLON, Appellant. [629 NYS2d 827] —Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 16, 1993, upon a verdict convicting defendant of the crimes of grand larceny in the second degree (six counts) and grand larceny in the third degree.

Defendant was charged in counts 1, 3 and 5 of the indictment with grand larceny in the second degree in violation of Penal Law § 155.40 (1), committed by borrowing large sums of money from three separate victims on the pretext that he needed the money to finance fictitious law suits that would provide him with the funds necessary for the repayment of the loans. In counts 2, 4 and 6 of the indictment, defendant was charged with grand larceny in the second degree in violation of Penal Law § 155.40 (2), which provides for extortion committed by instilling fear in the victims that a public officer will abuse his position and engage in conduct in respect to his official duties in such a way as to adversely affect each of the victims. The seventh count, grand larceny in the third degree, charges that defendant obtained various funds from the tenant of a newsroom under defendant's claim that the money given to him was necessary for expenses in renegotiating the tenant's lease that was about to expire and which did eventually expire. Four separate victims were involved in the indictment.

After a jury trial, defendant was found guilty of all counts and was sentenced as a second felony offender to $7^1/_2$ to 15 years in prison on each of the first six counts of the indictment, with counts 1 and 2 running concurrently to each other, counts 3 and 4 running concurrently to each other and counts 5 and 6 running concurrently to each other, but with the sen-

tences otherwise running consecutively. On count 7, defendant was sentenced to $3\frac{1}{2}$ to 7 years in prison to run consecutive to the other sentences.

Initially, defendant argues that County Court erred in denying his motion pursuant to CPL 30.20 and 30.30. Defendant contends error in the summary denial of his motion because the People had not served opposing papers at that time. According to defendant, his motion should therefore have been granted. We disagree. Although County Court initially denied defendant's motion without having received the People's response, the response was filed with County Court later on the same day that the motion was decided. The court accepted and considered the response when it was received and stated that it was adhering to its prior determination. Since the motion was made on a Friday afternoon and was returnable the following Tuesday, County Court appropriately accepted the response as of the return date, given the reasonable notice requirement of CPL 210.45. As to the CPL 30.30 claim, defendant argues that although the People announced their readiness for trial on February 7, 1992, the People were not in fact ready because the People did not have necessary *Rosario* material and witnesses were unavailable. Dismissal for lack of *Rosario* material is appropriate only on a motion pursuant to CPL 30.20 and only if preclusion or a short continuance would violate defendant's constitutional and statutory right to a speedy trial (*see, People v Anderson*, 66 NY2d 529, 537). These conditions are not present here. Furthermore, the unavailability of a witness for a pretrial hearing without more does not establish a violation of the statute (*see, People v Tano*, 169 AD2d 878).

Considering defendant's constitutional right to a speedy trial (CPL 30.20), defendant claims that other criminal cases proceeded to disposition before his case, even though many of the cases were commenced after defendant's case and the defendants in those cases were not incarcerated awaiting trial. Even if defendant is correct, dismissal is not required pursuant to CPL 30.20 (2) (*see, People v Murphy*, 99 AD2d 613). The 15-month delay between commencement of the action and the motion to dismiss does not, in and of itself, require a finding that defendant's right to a speedy trial was violated pursuant to CPL 30.20 (1) or the State or Federal Constitution. Considering the relevant factors (*see, People v Taranovich*, 37 NY2d 442, 445), we find no violation of defendant's constitutional right to a speedy trial (*see, People v Watts*, 57 NY2d 299).

Contrary to defendant's next argument, the indictment is

not duplicitous, multiplicitous or vague. Pursuant to CPL 200.30, an indictment is duplicitous when one count of the indictment charges more than one offense. Where multiple acts constitute one scheme to commit grand larceny against a single victim, a count which so charges is not duplicitous (*see, People v Cox*, 286 NY 137; *People v Rosich*, 170 AD2d 703, *lv denied* 77 NY2d 1000). Here, each count alleged a separate scheme to commit grand larceny over a period of time and, therefore, was properly charged. Nor is the indictment multiplicitous, which occurs when two separate counts of an indictment charge the same crime (*see, People v Senisi*, 196 AD2d 376, 382). Here, there is no multiplicity, for the counts which allege a violation of the same provision of the Penal Law refer to different victims, while the counts which refer to the same victim allege violations of different provisions of the Penal Law. Each count, therefore, requires proof of at least one fact that the others do not. An indictment is not multiplicitous if each count requires proof of an additional fact that the other does not (*see, Blockburger v United States*, 284 US 299, 304).

The indictment is not invalid due to vagueness, for it affords defendant fair notice to allow for preparation of a defense, ensures that defendant will be tried for the crimes with which he is charged and enables him to raise a bar of double jeopardy if subsequent prosecution is attempted (*see, People v Sanchez*, 84 NY2d 440, 445). As to any defect in the time alleged for the commission of the charged offenses, that defect may be cured by a bill of particulars (*see, People v Morris*, 61 NY2d 290).

County Court was correct in precluding defendant's expert testimony on the issue of mental disease or defect based upon defendant's claim of pathological gambling disorder. The attempted defense is not based on procedures and results generally accepted in the scientific community, which is the standard enunciated in *Frye v United States* (293 F 1013) and adopted by New York courts (*see, People v Taylor*, 75 NY2d 277, 286). Federal courts have refused to accept expert testimony similar to that offered by defendant (*see, e.g., United States v Shorter*, 809 F2d 54, *cert denied* 484 US 817).

Defendant also claims error in the denial of his motion for severance, but he made no "convincing showing that he would be unduly and genuinely prejudiced by the joint trial" (*see, People v Cabrera*, 188 AD2d 1062, 1063). Proof underlying all the charges was similar in nature. We find no abuse of discretion in County Court's refusal to order severance. We have considered the other errors argued by defendant and find that any error made by County Court in the evidentiary rulings

was harmless, given the overwhelming evidence of defendant's guilt. Accordingly, the judgment of conviction should be affirmed.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.