OPINION OF THE COURT
Irving Rosen J.,
The defendants, Robert Kaszovitz (hereinafter Kaszovitz) and Beauty Realty Company (hereinafter Beauty), are charged pursuant to New York City Charter § 558 (e) with 25 counts of violating section 131.15 (a), the "Window Guard Law”, and section 3.09 of the New York City Health Code (24 RCNY 131.15 [a]; 3.09 [hereinafter the Health Code]) for their alleged failure to "provide, install and maintain” window guards, in apartments inhabited by children under the age of 11 years, and the surrounding public halls and lobby, and failure to protect human life and health in a building they own and/or managed in the Bronx. The defendants now move to dismiss the accusatory instrument on the grounds that it contains duplicitous counts.
FACTS
The defendant, Beauty (a general partnership), was on May 9, 1994, the time of the violations alleged in the accusatory instrument, the owner of a multiple dwelling known as 1183 Gerard Avenue, Bronx, New York (hereinafter premises). The defendant, Kaszovitz, is a general partner of Beauty and the managing agent of the premises. On May 9, 1994 Kirk Nelson, a public health sanitarian with the New York City Depart *640 ment of Health, conducted an inspection of the premises pertaining to compliance with the Window Guard Law.
DUPLICITOUS OR MULTIPLICITOUS COUNTS
The defendant contends that many of the counts in the accusatory instrument are duplicitous and should therefore be dismissed. The defendant is in reality arguing that the accusatory instrument contains multiplicitous counts and misapprehends the converse concepts of duplicity and multiplicity. A count is duplicitous when more than one offense is contained in a single count. (People v Keindl, 68 NY2d 410; People v Kindlon, 217 AD2d 793; People v First Meridian Planning Corp., 201 AD2d 145, affd 86 NY2d 608; People v Senisi, 196 AD2d 376; People v Ribowsky, 156 AD2d 726, affd 77 NY2d 284; People v Rosado, 64 AD2d 172; People v Brown, 159 Misc 2d 11.) CPL 200.30 prohibits duplicitous counts in an indictment. This section is also applicable to misdemeanors. (People v Mitchell S., 151 Misc 2d 208; People v Rios, 142 Misc 2d 357; People v Todd, 119 Misc 2d 488.) An indictment or information is multiplicitous when a single offense is charged in more than one count. (United States v Holmes, 44 F3d 1150; United States v Seda, 978 F2d 779; People v Kindlon, supra; People v Ribowsky, supra; People v Senisi, supra.) For purposes of this opinion the court shall treat the defendants’ arguments of duplicitous counts as if properly addressed as multiplicitous.
Section 131.15 (a) of the Health Code reads as follows: "§ 131.15 Window guards, (a) The owner, lessee, agent or other person who manages or controls a multiple dwelling [hereinafter 'owner’] shall provide, install, and maintain, a window guard, of a type deemed acceptable by the Department, installation to be made pursuant to specifications provided by the Department on the windows of each apartment in which a child or children ten (10) years of age and under reside, and on the windows, if any, in the public halls and of a multiple dwelling in which such children reside, except that this section shall not apply to windows giving access to fire escapes. It shall be the duty of each person who manages or controls a multiple dwelling to ascertain whether a child resides therein.” (24 RCNY 131.15 [a].)
The complaint contains three counts of failure to "provide” window guards and 11 counts of failure to "properly install and maintain” window guards. The defendants argue, in sum and substance, that the above statutory language of "provide, install and maintain” constitutes a single offense. They further *641 contend that by charging them with failure to "provide” and failure to properly "install and maintain” that they are being charged with multiplicitous counts.
The clear intent of section 131.15 (a) of the Health Code is that owner of a multiple dwelling is required to provide a window guard for each and every window in the apartment in which a child under the age of 11 years resides and to properly install and maintain each window guard. One may violate this law by not providing a window guard or by providing a window guard but not properly installing and maintaining it. They constitute separate and distinct offenses (see, CPL 40.10) so long as they pertain to different windows, whether located in the same building, apartment or even the same room. However, one may not charge a person with failure to "provide” and failure to properly "install and maintain” with respect to the same window.
In the case at bar, an examination of the complaint discloses that three counts which charge the defendants with failure to "provide” window guards pertain to different rooms than the 11 counts which charge the defendants with failure to properly "install and maintain” window guards. Consequently, the branch of defendants’ motion seeking to dismiss based solely upon an alleged multiplicity of counts under section 131.15 (a) of the Health Code is denied.
The defendants also imply that the counts of the accusatory instrument based upon section 3.09 of the Health Code are multiplicitous with those brought under section 131.15 (a) of the Health Code.
Section 3.09 of the Health Code reads as follows: "§ 3.09 General standards to protect health and safety; prohibited acts; necessary acts and precautions. No person shall do or assist any act which is or may be detrimental to the public health or to the life or health of any individual unless the act is authorized by law. No person shall fail to do any reasonable act or take any necessary precaution to protect human life and health.” (24 RCNY 3.09.)
Established principles of statutory construction require that in order to determine its legislative intent a statute or ordinance be construed as a whole and that its various sections must be interpreted together with reference to each other. (People v Mobil Oil Corp., 48 NY2d 192, 199; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98.) The Health Code is divided into numerous chapters and sections. Notwithstanding this fact that different parts of the Health Code are contained *642 in different sections, each individual section must be read together as if they were all in the same section to determine its fair meaning. (McKinney’s Cons Laws of NY, Book 1, Statutes § 130). "[Wlhenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular provision is inapplicable (People v Mobil Oil Corp., 48 NY2d 192, 200; McKinney’s Cons Laws of NY, Book 1, Statutes, § 238).” (People v Lawrence, 64 NY2d 200, 204.)
Section 3.09 of the Health Code (24 RCNY), derived without substantive change from section 181 of the Sanitary Code of the City of New York, has been part of the Laws of the City of New York for over 50 years. The court finds it significant that section 3.09 is contained in the General Provisions Chapter of the Health Code. The statutory language is couched in general terms. Utilizing the commonsense meaning of the language contained therein (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 97, 98), it is clear to the court that this section was designed as a catchall whose general purpose is to cover situations for which there are no other express, explicit or specific provisions in the Health Code. When the Window Guard Law (§ 131.15) was added to the Health Code on April 12, 1976, a general statutory pronouncement of section 3.09 to take any necessary precautions to protect human life and health was augmented to mandate specific conduct, namely the providing, installing and maintaining of window guards as therein directed. Interpreting these sections with reference to each other the court concludes that although the general provisions of section 3.09 remain in full force and effect, with respect to window guards its application is no longer viable, having been superseded by a specific statutory provision. Further, the United States Supreme Court in Blockburger v United States (284 US 299, 304) stated that: "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” (Citations omitted; see also, People v Kindlon, supra.) In the case at bar, the factual allegations are identical and the court cannot discern that the proof required under section 3.09 requires any additional facts or lesser facts than those required under section 131.15 (a), or vice versa. The court holds that the 11 counts charged under section 3.09 are multiplicitous. When a court encounters an accusatory instru *643 ment containing multiplicitous counts, it does not require the dismissal of the entire accusatory instrument, but, rather, the dismissal of only those counts which may be deemed multiplicitous. (People v Smith, 113 AD2d 905, 908, appeal denied 66 NY2d 922.) Consequently, the defendants’ motion seeking to dismiss the accusatory instrument based upon the alleged multiplicity of counts under section 131.15 (a) and section 3.09 of the Health Code is granted to the extent of dismissing the 11 counts charged under section 3.09 of the Health Code, to wit: counts 3, 6, 8, 10, 12, 15, 17, 19, 21, 23 and 25 are dismissed.