OPINION OF THE COURT
Irving Rosen, J.
The defendant, James Minton, is charged with violating section 353 of the Agriculture and Markets Law which prohibits "overdriv[ing], * * * tortur[ing] * * * [and] injuring] * * * animal[s;] * * * [failure to provide proper] sustenance”. The factual allegations contained in the accusatory instrument are as follows:
*273 "that on or about and between July 19, 1996 [sic] at approximately 9:00 A.M. and November 15, 1995 at approximately 5:00 P.M. at 2806 Pond Place, County of the Bronx, State of New York,
"Deponent states that, at the above time and place, she observed defendant tie up a dog outside on the terrace with a leash so short that the dog could not sit or lay down.
"Deponent observed that at least once a week the defendant beat the dog with his fists, heavy objects, and kicked the dog with his feet.
"Deponent further states that the defendant did not provide the dog with water and during August of 1995 kept the dog in the hot sun without protection.
"Deponent states she observed the dog remain on the terrace on the short leash during the severe Noreaster of November 1995, exposed to the freezing rain and winds with no protection.
"Deponent states that on November 15, 1995 she observed the defendant beating the dog repeatedly with a heavy object and heard the blows striking the dog and the dog screaming in pain.”
The defendant now moves to dismiss the accusatory instrument as duplicitous. The People oppose this motion contending that the continuing offense doctrine is applicable to section 353 of the Agriculture and Markets Law and consequently the multiple acts committed by the defendant constitute a single crime.
A count is duplicitous when more than one offense is contained in a single count. (People v First Meridian Planning Corp., 86 NY2d 608; People v Keindl, 68 NY2d 410; People v Kindlon, 217 AD2d 793; People v Senisi, 196 AD2d 376.) CPL 200.30 prohibits duplicitous counts in an indictment. This section is also applicable to misdemeanors. (People v Mitchell S., 151 Misc 2d 208; People v Rios, 142 Misc 2d 357; People v Todd, 119 Misc 2d 488.)
Ascertaining whether a crime is continuous or not is often difficult to determine because there appears to be three separate categories of crimes. These categories are delineated in People v Brown (159 Misc 2d 11, 16), where the court stated as follows:
"The first category is those crimes which are, as a matter of law, always continuous. These crimes have an element which by their very nature require a course of conduct or several acts or omissions over a period of time * * *
*274 "The second category is crimes which are, as a matter of law, noncontinuous. These crimes have an element which by their nature are complete upon a single act or omission * * *
"The third category is a hybrid. The crimes are sometimes continuous and sometimes not continuous. These crimes have an element that sometimes can be committed by a single act or omission or by several different acts or omissions over a period of time.”
The question of whether multiple acts may properly be charged as a continuing crime is essentially one of statutory construction which requires reference to the language of the penal statute to determine whether the statutory definition of the crime necessarily contemplates a single act. (See, People v Keindl, supra, at 421-422; People v Shack, 86 NY2d 529, 540-541; Matter of Johnson v Morgenthau, 69 NY2d 148.) Insight is achieved by analyzing whether the underlying legislative intent was to prohibit a course of conduct or only specific described acts. (See, People v Okafore, 72 NY2d 81, 86-87; People v Shack, supra, at 541; People v Sher, 149 Misc 2d 194, 195.)
The genesis of New York State’s Cruelty to Animals Law dates back to 1828 when New York State became the first State in the Nation to enact anti-cruelty animal legislation.[1] The legislation enacted in 1828 provided that "[e]very person who shall maliciously kill, maim or wound any horse, ox or other cattle, or any sheep, belonging to another, or shall, maliciously and cruelly beat or torture any such animal, whether belonging to himself or another, shall, upon conviction, be adjudged guilty of a misdemeanor.”[2] This legislation was limited in scope, covering only owned horses, cattle and sheep.
In 1866 this section was amended and provided that "[ejvery person who shall by his act or neglect, maliciously kill, maim, wound, injure, torture or cruelly beat any horse, mule, ox, cattle, sheep or other animal belonging to himself or another, shall, upon conviction, be adjudged guilty of a misdemeanor.”[3] This amendment expanded animal cruelty to include neglect. A second section was added to the act designed to protect disabled horses and mules from abandonment.
In 1867 the New York State Legislature enacted a much more comprehensive statute consisting of 10 sections designed to more effectively prevent cruelty to animals. Section 1 thereof *275 provided: "[i]f any person shall over-drive, overload, torture, torment, deprive of necessary sustenance, or unnecessarily or cruelly beat, or needlessly mutilate or kill, or cause or procure to be overdriven, overloaded, tortured, tormented or deprived of necessary sustenance, or to be unnecessarily or cruelly beaten, or needlessly mutilated, or killed as aforesaid, any living creature, every such offender shall, for every such offense, be guilty of a misdemeanor.”[4] (Italics added.) The Legislature for the first time detailed specific acts as cruelties and made them applicable to "any living creature” (ibid.). Other sections of the statute, inter alia, prohibited animal fights and baiting (§ 2); mandated that impounded creatures be given sufficient quantities of food and water during their confinement (§§ 3 and 4); and prohibited transporting creatures in a cruel or inhuman manner (§ 5).
With the enactment of the Penal Code in 1881 the animal cruelty statutes were again amended. Section 655 of the Penal Code provided that: "[a] person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be overdriven, overloaded, tortured, cruelly beaten or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who willfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a misdemeanor.”
In 1909 the Penal Code was revised by the enactment of the Penal Law. Section 185 of the new Penal Law, entitled "Over-driving, torturing and injuring animals; failure to provide proper sustenance”, contained two paragraphs. The first paragraph carried over verbatim the language of section 655 of the old Penal Code. A second paragraph, not relevant to the issue herein, pertained to the properly conducted scientific experiments or investigations.
In 1965 the Penal Law was reorganized. Many provisions were transferred to other State laws where they fit more ap *276 propriately.[5] Section 185 of the Penal Law was transferred to section 353 of the Agriculture and Markets Law. The relevant first paragraph, including the section title, was carried over verbatim, except the Legislature specified at the very end of said first paragraph that the misdemeanor is "punishable by imprisonment for not more than one year, or by a fine of not more than five hundred dollars, or by both.” In 1985 the Legislature increased the maximum possible fine to $1,000.
After tracing the statutory provisions of the present animal cruelty statutes in New York, the court concludes that it was the intent of the Legislature to classify animal cruelty as a continuing crime. The 1867 animal cruelty legislation (L 1867, ch 375, § 1) specifically provided that "every such offender shall, for every such offense, be guilty of a misdemeanor” (italics added), thereby manifesting an intent that each act would constitute a separate and distinct offense. In 1881 the Legislature enacted the Penal Code. The Penal Code contained a general provision which repealed all acts inconsistent with the newly adopted code that imposed any punishment for any crime except as provided in the Code.[6] Unfortunately, when the Penal Code was enacted there was no distribution table appended thereto to enable the court to ascertain exactly where a particular section of the Code was derived. Section 655 of the new Penal Code (now the first paragraph of Agriculture and Markets Laws § 353), which appears to have been derived from section 1 of the 1867 legislation, continued to provide that a violation of the act constituted a misdemeanor. Absent from the amended statute was the language "for every such offense.” The court finds this significant. It is presumed that when the Legislature amends a statute that the amendment was made to effect some purpose and make some change in existing law. (McKinney’s Cons Laws of NY, Book 1, Statutes § 191.) "By enacting an amendment of a statute and changing the language thereof, the Legislature is deemed to have intended a material change in the law (McKinney’s Cons Laws of NY, Book 1, Statutes § 193).” (Matter of Stein, 131 AD2d 68, 72.) By omitting the language "for every such offense” in the 1881 enactment, the Legislature demonstrated an intent to change the character of the statute from one which each act would constitute a separate and distinct violation of the statute to one where each violation of the act would be considered part of a continuing crime.
*277 Further, when a crime by its nature, as defined by the enacted statute, may be committed either by one act or by multiple acts and can reasonably be characterized as a continuing offense over a period of time, the indictment or information may charge the continuing offense in a single count. (See, People v Keindl, supra, 68 NY2d, at 421; People v First Meridian Corp., supra, 86 NY2d, at 616; People v Shack, supra, 86 NY2d, at 540; People v Sanchez, 84 NY2d 440, 448.) A defendant may be guilty of a crime by virtue of a series of acts, none of which may be enough by itself to constitute the defense, but each of which when combined make out the crime. (People v Keindl, supra, at 421; People v Brammer, 189 AD2d 885, 886.) Endangering the welfare of a child (Penal Law § 260.10), which has been held to be a continuing crime (People v Keindl, supra; People v Beauchamp, 74 NY2d 639), is analogous to animal cruelty, as defined in Agriculture and Markets Law § 353, in that it does not necessarily contemplate the performance of a single act but, rather is a crime that by its very nature may be committed by one act or by multiple acts and thus readily permits characterization as a continuing offense.
Accordingly, for the reasons above stated, the defendant’s motion to dismiss the accusatory instrument as duplicitous is denied.

. Leavitt, Animals and Their Legal Rights, at 15.

. Rev Stat of 1827-1828, part IV, ch 1, tit 6, § 26, at 695.

. L 1866, ch 682, § 1.

. L 1867, ch 375, § 1.

. Governor’s Mem approving L 1965, chs 1030, 1031, 1965 NY Legis Ann, at 530.

. Former Penal Code § 726.