OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count each of endangering the welfare of a child (Penal Law § 260.10) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), both class A misdemeanors, as well as one count of unlawful possession of marijuana (Penal Law § 221.05), a violation.
By omnibus motion dated June 12, 2013, defendant seeks the following: dismissal of the charge of endangering the welfare of a child, asserting that the People’s complaint is facially insufficient as to that count; suppression of all physical evidence seized and statements made to law enforcement personnel; and suppression of any evidence of any prior bad acts or immoral conduct.
The court has reviewed the court file, defendant’s motion, and the People’s response dated July 3, 2013. For the reasons stated below, the motion to dismiss is denied.
The motion for pretrial hearings is granted, to the extent of ordering a hearing to determine if there was probable cause for defendant’s arrest and whether or not physical evidence was seized and statements were taken in violation of defendant’s rights under the United States and New York Constitutions.
A hearing regarding whether or not the People can use any prior bad acts or immoral conduct against the defendant is referred to the trial court.
Factual Statement
Pursuant to the criminal court complaint, between November 21, 2012 and December 3, 2012, at approximately 5:00 p.m., while inside of 2264 Davidson Avenue, Bronx, New York, the defendant “on three separate occasions” approached the informant, a 14-year-old child, “handed informant a lit cigarette and informant smoked said cigarette.” (See criminal court complaint dated Dec. 17, 2012 at 1.)
On December 17, 2012, at approximately 2:45 p.m., while inside of 2264 Davidson Avenue, Bronx, New York, defendant is *196 alleged “to have on her person, in her left front pocket, one (1) ziplock bag containing a dry, leafy green substance with a distinctive odor, and one (1) foil wrapper containing a white powdery substance.” (See criminal court complaint dated Dec. 17, 2012 at 1-2.) The arresting officer asserts that based upon his “training and experience . . . the aforementioned substances are alleged and believed to be marijuana and cocaine respectively.” (See criminal court complaint dated Dec. 17, 2012 at 2.)
Legal Analysis
(A) The People’s Complaint is Facially Sufficient
Defendant asserts that the charge of endangering the welfare of a child is facially insufficient in the instant case because “The actions [defendant] allegedly took were not likely to be injurious to a child.” (See defendant’s motion dated June 12, 2013, at 6, para 7.) The defendant also contends that “[t]he complaint does not allege that [defendant] gave [the child] a large amount of cigarettes . . . smoking . . . three cigarettes is not likely to be injurious to the physical, mental or moral welfare of a child.” (See defendant’s motion dated June 12, 2013, at 7, para 8.)
Further, defendant asserts that “[i]n this complaint, there is no fact alleged that would allow anyone to infer that [defendant] knew that handing a fourteen year old three . . . cigarettes would likely be injurious to the physical, mental or moral welfare of (the child).” (See defendant’s motion dated June 12, 2013, at 8, para 10.)
CPL 100.15 provides that every accusatory instrument must contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal *197 court information are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103, 115 [1986].)
Applying these principles to the instant matter, the factual allegations contained in the information before this court regarding the charge of endangering the welfare of a child are clearly facially sufficient.
Under Penal Law § 260.10 (1), a person is guilty of endangering the welfare of a child when “[h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” It is not necessary that the People prove that the child’s mental or moral welfare actually be impaired. (See People v Doe, 137 Misc 2d 582 [Crim Ct, NY County 1987].) Moreover, no injury or actual harm need result from the defendant’s action or inaction. (See People v Watson, 182 Misc 2d 644, 646 [Crim Ct, Bronx County 1999].)
To establish the charge, the People need only assert that defendant engaged in conduct “knowing it will present a ‘ “likelihood” of harm to a child (i.e., with an awareness of the potential for harm).’ ” (See People v Hitchcock, 98 NY2d 586, 590 [2002]; see also People v Cruz, 10 Misc 3d 838, 839 [Crim Ct, NY County 2005] [“a defendant must simply be aware that the conduct may likely result in harm to the child”].)
The harmful effects of smoking tobacco are well documented. According to the website for the American Cancer Society, cigarette smoke is
“made up of more than 7,000 chemicals, including over 60 known to cause cancer . . . Some of these substances cause heart and lung diseases too, and all of them can be deadly . . . some of the chemicals found in tobacco smoke include:
• “Cyanide
• “Benzene
• “Formaldehyde . . .
• “Ammonia
“Tobacco smoke also contains tar and the poison gases carbon monoxide and nitrogen oxide.” {See http://www.cancer.org/cancer/cancercauses/ tobaccocancer/questionsaboutsmokingtobaccoand health/questions-about-smoking-tobacco-and-health- *198 cancer-and-health.)
“Today we’re more aware about how bad smoking is for our health . . . Almost everyone knows that smoking causes cancer, emphysema, and heart disease; that it can shorten your life by 10 years or more.” (See http://kidshealth.org/teen/drug_alcohol/ tobacco/smoking.html.)
In light of these well documented and well-known findings, for any person to think that it is somehow not injurious to the physical welfare of a 14-year-old child to give that child tobacco to smoke is beyond the ability of this court to comprehend.
Therefore, defendant’s motion to dismiss is denied in its entirety.
Other Relief Requested
Defendant has moved for suppression of any physical evidence seized at the time of his arrest, and suppression of any statements she allegedly made to law enforcement personnel. This motion is granted to the extent of ordering a pretrial hearing at which the issue of whether or not the physical evidence seized was recovered in violation of the defendant’s rights under the Federal and New York State Constitutions; whether defendant’s statements are admissible; and whether or not there was probable cause for defendant’s arrest.
Defendant also seeks suppression of any prior bad acts or immoral conduct. A hearing to determine whether or not any evidence of prior bad acts or immoral conduct by the defendant will be conducted by the trial judge, prior to any trial of this matter.
All other arguments and requests for any additional hearings and relief that have been advanced by defendant have been reviewed and rejected by this court as being not applicable, or without merit.