People v Fequiere (2024 NY Slip Op 50389(U))

[*1]

People v Fequiere

2024 NY Slip Op 50389(U)

Decided on April 9, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Joanes L. Fequiere, Defendant.

Case No. 23110072 & 23110073

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Kirby W. Leggett [awaiting admission] of Counsel), for plaintiff. 
Julie Cianca, Monroe County Public Defender (Sara Gaylon of Counsel), for defendant. 

Thomas J. DiSalvo, J.

History of the Case
The defendant was charged with endangering the welfare of a child, P.L. § 265.10 (1) and harassment in the second degree P.L. § 240.26 (1) on November 18, 2023. It was alleged in the accusatory instruments that the defendant struck the complainant in her face in the presence of the complainant's six year old child. The defendant was arraigned in this court at 12:05 A.M. on November 19, 2023. He was released on his own recognizance. The court issued an order of protection prohibiting the defendant from having any contact with the complainant and the said child. The matter was adjourned to December 6, 2023 for disposition. However, the Webster Police contacted the court at approximately 6:20 A.M. later that morning, requesting that a subsequent arraignment be conducted as the defendant was arrested again and charged with three counts criminal of contempt 2nd, P.L. § 215.50 (3), relative to allegedly violating the court's order of protection issued earlier that morning. The same assistant public defender was directed by the court to return to Webster Court for another immediate arraignment that was conducted at 7:20 A.M.At the conclusion of the arraignment the court set bail at $5,000.00 cash, $25,000 bond and $50,000 partially secured insurance bond with ten percent (10%) down. Said case was also adjourned to December 6, 2023. On that date the matter was adjourned at the request of defense counsel to January 17, 2024 for disposition and a possible plea offer. On January 17, 2024 no plea offer was forthcoming. However, because the defense was not in possession of the discovery material, the case was adjourned to February 21, 2024 to allow for the receipt of the required discovery. 
On January 29, 2024 defense counsel filed one set of omnibus motions with the court directed at both cases pending in the court. Germain to this decision are the motions to dismiss the charge of endangering the welfare of a child and the three counts of criminal contempt 2nd degree on the ground that the accusatory instruments are defective on their face pursuant to CPL §§170.30 (1) (a), 170.30.35 (1) (a), 100.40 (1) (b), 100.40 (4) b), 100.40 (1) (c) and 200.30.
Legal Analysis
Endangering the Welfare of a Child .Penal Law Section 260.10 (1) states as follows:
"A person is guilty of endangering the welfare of a child when: He or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his or her life or health." The basis of defendant's motion is that "Neither the accusatory instrument nor the supporting deposition contain non-hearsay allegations that support a finding that Defendant knowingly acted in a manner likely to be injurious to the child in question". The defense argues that the allegations set out in the information are conclusory because they do not allege that the actions were "'likely to be injurious to the physical, mental or moral welfare of a child'".
The misdemeanor complaint alleged that the defendant did act "intentionally, knowingly and unlawfully" relative to committing the offense herein. In addition, it has been held that
"'So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' (People v. Casey, 95 NY2d 354,360, 717 N.Y.S.2d 88, 740 N.E.2d 233 [2000] ). An information is jurisdictionally sufficient if it contains allegations which would establish, 'if true, every element of the offense charged and the defendant's commission thereof' (CPL 100.40 [1] [c] )." (People v. Konieczny, 2 NY3d 569,575, 780 N.Y.S.2d 546,550 [2004]) The case of People v. Cardona, 42 Misc 3d 194, 973 N.Y.S.2d 915 [2013] is very instructive relative to the issue of a knowing act likely to be injurious to a child. Among other things it was alleged in that case that "... the Defendant 'on three separate occasions' approached the informant, a 14 year old child, 'handed informant a lit cigarette and informant smoked said cigarette.'"[FN1]
In her motion papers "... Defendant asserts that '(i)n this complaint, there is no fact alleged that would allow anyone to infer that (Defendant) knew that handing a fourteen year old three...cigarettes would likely be injurious to the physical, mental or moral welfare of (the child)'".[FN2]
Thus the defendant in that case argued that the said accusatory instrument charging the defendant with endangering the welfare of a child was insufficient on its face. The court's response in denying the defendant's motion to dismiss said charge stated
"'Today, we're more aware about how bad smoking is for our health... almost everyone [*2]knows that smoking causes cancer, emphysema, and heart disease; that it can shorten your life by 10 years or more.' [internal citation omitted]
In light of these well documented and well known findings, for any person to think that it is somehow not injurious to the physical welfare of a 14—year—old child to give that child tobacco to smoke is beyond the ability of this Court to comprehend."[FN3]

This court would state in a similar fashion that it would stretch credibility to the limit to believe that someone who strikes his significant other, in the presence of her six year old chid, which presumably is his child, would not know that said action would was likely to be injurious to the mental or moral welfare of said child.
The accusatory instrument herein is comprised of the complaint, executed by Webster Police Officer Ethan P. Parrish and the supporting deposition of the complainant, which together form an information pursuant to CPL § 1.20 (4). Taken together the complaint and supporting deposition provide the accusatory part as required by CPL § 100.15 (2) and the factual part as required by CPL § 100.15 (3). "These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. See, People v. Dumas, 68 NY2d 729, 506 N.Y.S.2d 319, 497 N.E.2d 686 (1986)."[FN4]
In fact the information and supporting deposition provide reasonable cause to believe the defendant committed the offense charged as required by CPL § 140.40 (b). Finally the non-hearsay allegations in the information and supporting deposition establish, if true, every element of the offense charged and the defendant's commission thereof as required by CPL 140.40 (c). 
"On a motion to dismiss, [the] Court's review is limited to whether or not the People's allegations as stated in the Crimal Court information are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt."[FN5]
Based on the above analysis it must be concluded that the People have established the required prima facie case and that the said accusatory instrument charging the defendant with endangering the welfare of a child is sufficient on its face. Therefore, it is not defective pursuant to CPL §§ 170.30 (1) (a) and 170.30 (1) (a).
Criminal Contempt 2nd Degree. The defendant alleges that the information charging the defendant with three counts of criminal contempt 2nd degree is defective because it is duplicitous. Defense counsel's motion points out that "There is one instrument that charges Defendant with three counts of criminal contempt in the second degree". The complaint states that the order of protection was issued by the court on November 19, 2023 at approximately 12:20 A.M. It went on to allege that the defendant did arrive at the residence of the complainant "at three separate [*3]times, 2:33 A.M., 4:16 A.M. and 5:33 A.M on 11/19/23. The last time at 5:33 A.M. the defendant did enter the residence of [the complainant]". Those times were also set out in the complainant's supporting deposition and that the defendant entered her residence at 5:33 A.M.[FN6]

CPL § 200.30(1) prohibits duplicitous counts. It states that "Each count of an indictment may charge one offense only. However, "'This section is also applicable to misdemeanors. People v. Mitchell S., 151 Misc 2d 208, 573 N.Y.S.2d 124; People v. Rios, 142 Misc 2d 357, 537 N.Y.S.2d 775; People v. Todd, 119 Misc 2d 488, 463 N.Y.S.2d 729.'" (People v. Minton, 170 Misc 2d 272,273, 647 N.Y.S.2d 692,693 [1996]) An exception to the duplicitous rule is when the offense is considered a continuing offense. "Further, when a crime by its nature, as defined by the enacted statute, may be committed either by one act or by multiple acts and can reasonably be characterized as a continuing offense over a period of time, the indictment or information may charge the continuing offense in a single count."[FN7]
"Whether multiple acts may be charged as a continuing crime is resolved by reference to the language in the penal statute to determine whether the statutory definition of the crime necessarily contemplates a single act."(People v. Shack, 86 NY2d 529,540-541. 634 N.Y.S.2d 660,668 [1995]) In this case the defendant was charged with three separate counts of criminal contempt 2nd degree, pursuant to PL § 215.50 (3). That section states in pertinent part "A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct: Intentional disobedience or resistance to the lawful process or other mandate of a court ...." Thus it would appear subsection three of PL § 215.50, as it was charged herein, would not fall under the continuous offense theory, because each and every violation of an order of protection would be a separate and distinct offense alleged to have been committed at a separate and distinct time. Although conceivably there could be a situation where the events in question could fall within the continuous offense theory.
Nevertheless, the information herein specifically alleges separate times of the morning the defendant was alleged to have violated the order of protection and indicates that the defendant is being charged with violating three separate counts of that sub-section. There is no prohibition that would forbid alleging the violation of more than one count in an information.[FN8]
Furthermore, the information herein advises the defendant that he is being charged for three separate acts on a specific day alleged to have occurred at three separate and specific times. That gives the defendant pretrial notice of the charges, which would permit him to prepare an adequate defense. The specificity of the times of the offense precludes the possibility of subsequent prosecution for the same offense. Nor can the defendant be unaware of the exact nature of the case the People will attempt to prove against him. Finally, the fact that the information breaks down the alleged [*4]offenses into three particular acts ensures the reliability of a unanimous jury verdict. As a result, the information herein is not defective for being duplicitous in violation of CPL § 200.30. 
Conclusion
The defendant's motion to dismiss the information charging the defendant with endangering the welfare of a child as being defective on its face is hereby denied. The defendant's motion to dismiss the information charging three counts of criminal contempt in the second degree as being defective on its face is also denied. This constitutes the decision and order of this court.
Dated: April 9, 2024
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(Id. at 195, 916)

Footnote 2:(Id. at 196, 917) 

Footnote 3:(Id. at 198, 918) 

Footnote 4:(Id. at 196, 917)

Footnote 5:(Id. at 196-197, 917) 

Footnote 6:(In the accusatory portion of the complaint the arresting officer hand wrote and initialed
the phrase "3 counts".)

Footnote 7: (People v. Minton, 170 Misc 2d 272,277, 647 N.Y.S.2d 692,695 [1996])

Footnote 8:(CPL § 1.20 (4) defines an information as " a verified written accusation by a person, more fully defined and described in article one hundred, filed with a local criminal court, which charges one or more defendants with the commission of one or more offenses, none of which is a felony, and which may serve both to commence a criminal action and as a basis for prosecution thereof.")