OPINION OF THE COURT
Peter J. Benitez, J.
On January 31, 1990, defendant was arraigned on a misdemeanor information charging him with menacing (Penal Law § 120.15), aggravated harassment, second degree (Penal Law § 240.30 [1]), and aggravated harassment, second degree (Penal Law § 240.30 [2]). On April 11, 1990, based on new acts alleged to have been committed since his arraignment, a superseding misdemeanor information was filed charging him with the same offenses charged in the original information and the additional charges of criminal contempt, second degree (Penal Law § 215.50 [3]), harassment (Penal Law § 240.25 [1]), a second count of aggravated harassment, second degree (Penal Law § 240.30 [1]), and a second count of aggravated harassment, second degree (Penal Law § 240.30 [2]). Defendant was arraigned on that accusatory instrument on April 18, 1990.
On April 18, 1990, immediately after being arraigned on the superseding information and prior to the commencement of trial, the People filed a prosecutor’s information pursuant to CPL 100.50 (2) replacing the superseding information. The prosecutor’s information charges defendant with some, but not all, of the offenses charged in the superseding information. Yet, all of the charges in the prosecutor’s information are based on conduct alleged in the superseding information. In six discrete counts, the prosecutor’s information charges menacing (Penal Law § 120.15), aggravated harassment in the second degree (Penal Law § 240.30 [1]), criminal contempt in the second degree (Penal Law § 215.50 [3]), harassment (Penal Law § 240.25 [1]), and two counts of aggravated harassment in the second degree (Penal Law § 240.30 [2]). Defense counsel requested an opportunity to submit motions directed to the new accusatory instrument and to file omnibus motions regarding the criminal transactions alleged in the prosecutor’s information which were not alleged in the information on which defendant was originally arraigned.[1] The case was adjourned for that motion practice.
*255 Defendant moves to dismiss the prosecutor’s information on several grounds. Defendant argues that the prosecutor’s information is defective “on its face” and that the hearsay allegations made in that instrument are not “supported by nonhearsay evidence”, and for dismissal, arguing that the accusatory instrument is duplicitous as that term is defined by CPL 100.15 (2) and CPL 200.30. (Other issues raised and court’s decision on those issues are deleted for publication.) Defendant’s motions are denied for the reasons set forth below.
LEGAL SUFFICIENCY
CPL 100.50 (2) authorizes the District Attorney to supersede an information with a prosecutor’s information charging any offense supported by the factual allegations in the superseded information. Upon the filing of such a prosecutor’s information and the defendant’s arraignment thereon, the superseded information is deemed to have been dismissed. (CPL 100.50 [2].) The superseded information remains relevant, however, to the extent that the charges in the prosecutor’s information must be supported by legally sufficient factual allegations in the superseded information and by the requirements of CPL 100.35. (See, CPL 100.40 [3], and the reference to CPL 100.40 [1] in CPL 100.50 [2].)
The prosecutor’s information here conforms to the requirements of CPL 100.35 in that it contains "a plain and concise statement of the conduct constituting each such offense” charged. (CPL 100.35.) As the original information which the superseding information replaced was previously determined to be legally sufficient by another Judge of this court in a written decision, this court will only consider the legal sufficiency of the new allegations added by the superseding information to the extent that such new allegations provided a basis for charging offenses in the superseding information and prosecutor’s information that were not charged in the original information. Those allegations are the allegations that, on February 25, 1990, the defendant committed criminal contempt in the second degree by violating an order of protection and by the same conduct committed the offense of harassment (Penal Law § 240.25 [1]); and the allegations concerning the telephone calls made by defendant to the complainant on *256 April 2 and 3, 1990, which are charged in the prosecutor’s information as counts five and six.[2]
This court finds that the factual allegations in the superseding information were legally sufficient to support the charges in the prosecutor’s information which were not contained in the original information. The physical contact alleged to have occurred on February 25, 1990, is sufficient to support a charge of harassment (Penal Law § 240.25 [1]). That contact is also sufficient to support the charge of criminal contempt, as the order of protection which defendant is charged with having violated specifically orders defendant not to harass the complainant. The factual allegations concerning the telephone calls on April 2 and 3, 1990 support charges of aggravated harassment (Penal Law § 240.30 [2]).
DUPLICITY
Defendant argues that the prosecutor’s information is duplicitous in that the charges of aggravated harassment in the second degree (Penal Law § 240.30 [1], [2]) improperly charge numerous telephone calls by defendant to the complainant over a period of several months. To support his claim of duplicity, defendant refers to the counts and allegations in the superseding information. The superseding information is deemed dismissed by the prosecutor’s information which replaced it. (CPL 100.50 [2].) Accordingly, it is the prosecutor’s information which must be considered in determining whether the accusatory instrument on which defendant is to be tried is duplicitous.
CPL 200.30 prohibits duplicitous counts in an indictment. This prohibition has been held to be applicable to informations (People v Todd, 119 Misc 2d 488 [1983]), as CPL 100.15 (2) requires that the accusatory part of the information charge separate offenses in separate counts. Here, the prosecutor’s information charges one count of aggravated harassment in the second degree (Penal Law § 240.30 [1]), count two, and two counts of aggravated harassment in the second degree (Penal Law § 240.30 [2]), counts five and six. Count two charges a *257 number of telephone calls over a period of time. Counts five and six each charge a single telephone call on a specific date.
Defendant’s objections to the pleading are focused on the grouping of a number of calls over a period of time in a single count. He does not challenge the pleading of a single call in a discrete count, as has been done in counts five and six. Accordingly, the only issue of duplicity is with respect to count two.
Aggravated harassment in the second degree (Penal Law § 240.30 [1]) is committed when a person "[cjommunicates * * * in a manner likely to cause annoyance or alarm”. The People contend that the making of a number of telephone calls over a period of time constitutes a course of conduct which can qualify as communicating "in a manner” likely to cause annoyance or alarm. Defendant argues that "in a manner” relates to a specific call and that a series of calls on the same or different dates cannot be grouped together and charged as a single count of Penal Law § 240.30 (1). In People v Keindl (68 NY2d 410 [1986]) the court held that acts occurring repeatedly over a period of time may be charged in a single count if the crime charged "is a crime that by its nature may be committed by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time”. (People v Keindl, supra, at 421.) The court, therefore, held that the offense of endangering the welfare of a child "does not necessarily contemplate a single act” and may be established by a pattern of behavior (supra, at 421). The court based this conclusion on the statutory definition of the offense which provides that a person is guilty of the offense of endangering the welfare of a child when he acts "in a manner” likely to be injurious to the physical, mental or moral welfare of a child.
The court’s reasoning and holding in People v Keindl (supra), when applied to the statutory language of the offense of aggravated harassment in the second degree (Penal Law § 240.30 [1]), supports the interpretation that communicating "in a manner” likely to cause annoyance or alarm can be established by either a single telephone call or by a number of calls to the same person repeated over a period of time. People v Waller (NYLJ, Aug. 25, 1989, at 26, col 5 [Dist Ct, Nassau County]) is distinguishable, as that case dealt with a charge of *258 Penal Law § 240.30 (2). Accordingly, count two of the prosecutor’s information, which charges a number of calls over a period of time in a single count of Penal Law § 240.30 (1), is not duplicitous and defendant’s motion to dismiss on that ground is denied.

. Defendant was permitted to file omnibus motions concerning the criminal transactions alleged in the prosecutor’s information that were charged in the superseding information but not charged in the original *255 information because the only motion schedule that has been set in the case had been for omnibus motions on the original accusatory instrument.

. If the counts of the prosecutor’s information relating to the April 2 and 3, 1990 telephone calls are supported by the factual allegations in the superseding information, it is no longer relevant that the superseding information’s charges were duplicitous. As will be discussed later, the issue of duplicity is determined by the charges in the accusatory instrument on which the People intend to proceed to trial, the prosecutor’s information.