OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed and the case remitted to the Appellate Division for consideration of counts 1, 2, 18, 19, 22 and 23 of indictment No. 85-00738 in accordance with this memorandum.
Defendant was convicted of multiple counts of rape, sodomy, and endangering the welfare of child victims. All of the counts were dismissed by the Appellate Division, with leave to the People to resubmit the charges to another Grand Jury. The People’s appeal to this Court is limited by its argument to only the dismissal of defendant’s convictions for four counts of *774 rape and two counts of sodomy committed between August 1, 1984 and December 31, 1984 against N.B.
The indictment fixed the period of the criminal acts as between August 1, 1984 and May 3, 1985. Afterwards, a bill of particulars narrowed the time span to August 1, 1984 through December 31, 1984. The trial court’s instruction to the jury specified the shortened five-month period fixed by the bill of particulars. The Appellate Division ruled that this five-month period was per se so excessive that it precluded the defendant from presenting a defense. A dissenting Justice at the Appellate Division granted leave to appeal to this Court.
As required by statute, an indictment must contain a statement in each count indicating that a charged offense was committed on, or on or about, a designated date or during a designated period of time (CPL 200.50 [6]). When time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms. The indictment must, however, set forth a time interval which reasonably "serves the function of protecting defendant’s constitutional right 'to be informed of the nature and cause of the accusation’ ” (People v Morris, 61 NY2d 290, 294, quoting US Const 6th Amend; see also, NY Const, art I, § 6), so as to enable the defendant to prepare a defense and to use the judgment against further prosecution for the same crime. This Court has held that "[i]t may be that the interval ascribed for a particular crime is so excessive that, on its face, it is unreasonable and dismissal should follow” (People v Morris, 61 NY2d, at 295, supra). However, "[t]he determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an ad hoc basis by considering all relevant circumstances” (id., at 295).
We have developed a set of criteria to be considered when making the necessary determinations pertinent to this distinct issue in cases in which the per se bar does not apply. The nonexclusive list of factors includes the length of the time span provided by the People and the knowledge the People possess or should acquire with reasonable diligence of the exact or approximate date or dates of the criminal conduct. Additionally, relevant factors include the age and intelligence of the victim and other witnesses; the nature of the offense or offenses, including whether they are likely to be discovered immediately and whether there is a criminal pattern; and all *775 other surrounding circumstances (see, e.g., People v Keindl, 68 NY2d 410, 419; People v Morris, supra, at 295-296). In this case, the five-month period is significantly longer than the three-week period in People v Morris (id.) and is also shorter than the nine-month period in People v Beauchamp (74 NY2d 639). The significantly longer period here is a factor to be considered, with proportionately heightened scrutiny given to whether the People’s inability to provide more precise times can be justified as against the important notice rights of the defendant.
The Appellate Division curtailed its appellate review of the matters subject to this appeal by concluding that five months was a per se unreasonable time span. That incomplete analysis and result should be reexamined and completed, under the circumstances of this case, by remitting to the Appellate Division for its review of the law issue under the pertinent test, criteria and principles, as well as the customary review on such remittals under CPL 470.40 (2) (b).
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order, insofar as appealed from, reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.