■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [649 NYS2d 620] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first and third degrees, sexual abuse in the first degree and endangering the welfare of a child. We conclude that the jury verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495) and that the sentence is not unduly harsh or severe.

Defendant failed to preserve for our review his contentions that counts three, four and five of the indictment fail to specify the date of the offense (*see, People v Iannone,* 45 NY2d 589, 600-601) and that those counts are multiplicitous (*see, People v Cassidy,* 133 AD2d 374, 377, *lv denied* 70 NY2d 953). In any event, neither contention has merit. Defendant does not allege that the People "failed in their duty to obtain as much specific information as possible" (*People v Feliciano,* 196 AD2d 774, *lv denied* 82 NY2d 894), and we conclude that, under the circumstances, the indictment sufficiently specifies the dates of the occurrences (*see, People v Watt,* 81 NY2d 772). Counts three and four each allege only one act of intercourse in a one-month period. Endangering the welfare of a child, charged in count five, "is a crime that by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time" (*People v Keindl,* 68 NY2d 410, 421, *rearg denied* 69 NY2d 823).

Defendant contends that the transcript of jury selection is inadequate, thereby infringing upon his right to raise a *Batson* issue (*see, Batson v Kentucky,* 476 US 79) or to challenge the panel of prospective jurors on appeal. Defendant, however, failed to raise a *Batson* issue by timely motion (*see, People v Smith,* 81 NY2d 875, *rearg denied* 81 NY2d 1068) and failed to challenge the make-up of the panel of prospective jurors by the submission of a written motion before the commencement of jury selection (*see,* CPL 270.10 [2]; *People v Parks,* 41 NY2d 36, 40-41). Because neither issue has been preserved for our review (*see,* CPL 470.05 [2]), the alleged lack of an adequate transcript is of no moment.

By failing to object to the admission of testimony concerning uncharged crimes, defendant failed to preserve for our review

his contention that Supreme Court erred in admitting that testimony without the benefit of a *Ventimiglia* hearing (*see,* CPL 470.05 [2]; *People v Thomas,* 226 AD2d 1071). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Lastly, we reject the contention that defendant was denied the right to effective assistance of counsel. Defendant failed to show that challenges to jury selection, if timely raised, would have been successful, and the remaining alleged deficiencies of defense counsel can be attributed to a trial strategy that focused on the defense of consent. We conclude that defense counsel provided meaningful representation (*see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Fallon, Doerr and Balio, JJ.