OPINION OF THE COURT
Edgar G. Walker, J.
*80 The defendant is charged with one count of menacing in the second degree, one count of aggravated harassment in the second degree, and one count of harassment in the first degree, pursuant to Penal Law § 120.14 (2); § 240.30 (1) and § 240.25, respectively. The factual portion of the information reads as follows:
"Deponent states that, beginning in January, 1995, and on a regular and ongoing basis for approximately one to two (1-2) times per week, every other week, the defendant followed your deponent to and from your deponent’s home and place of work and approached your deponent on each occasion and grabbed your deponent’s arm, stating in sum and substance: 'You gotta be with me, you gotta go out with me.’
"Deponent further states that, beginning in January, 1995, and on a regular and ongoing basis for approximately two to three (2-3) times per week, every other week, the defendant telephoned your deponent at her place of residence and stated in sum and substance: 'You’ve gotta be with me, you gotta go out with me.’
"Deponent further states that on two occasions, once on or about January 5, 1996, at approximately 8:00 PM and again on March 10, 1996, at approximately 7:30 PM, the defendant telephoned your deponent at your deponent’s place of residence and stated in sum and substance: 'If you don’t go out with me, I’ll cut your throat.’
"Deponent further states that on two occasions, once on or about January 6, at approximately 2:00 AM at 597 East Tremont Avenue, and again on March 14, at approximately 5:00 AM at 597 East Tremont Avenue, the defendant approached the deponent, grabbed deponent’s hair and stated in sum and substance: 'If you don’t go out with me I’ll cut your throat.’ ”
I
The defendant has moved to dismiss the information as duplicitous. While CPL 200.30 prohibits duplicitous counts in an indictment, CPL 100.15 (2) provides that "two or more offenses may be charged in separate counts.” (Emphasis supplied.) This seemingly permissive language has been found by the courts to require that each count of an information charge only one offense (People v Shack, 86 NY2d 529 [1995]; People v Barhan, 147 Misc 2d 253 [1990]; People v Todd, 119 Misc 2d 488 [1983]), and the People do not argue otherwise.
However, where a crime may be characterized as a "continuing offense” a series of acts committed repeatedly over a period *81 of time may be charged in a single count. (People v Keindl, 68 NY2d 410, 421 [1986].) Whether multiple acts may be charged under the continuing crime theory may readily be determined in some instances by reference to the statutory language defining the crime. (People v Shack, supra.) Both Penal Law § 120.14 (2)[1] ("repeatedly commits acts") and Penal Law § 240.25[2] ("repeatedly harasses * * * by engaging in a course of conduct or by repeatedly committing acts") not only permit but require that more than a single act be alleged in order to make out a violation of each of those sections. They are continuing crimes by their very definition. Defendant would be entitled to dismissal if only a single act were alleged in each count and his motion to dismiss because more than a single act is alleged in each of those counts must be denied.
A different situation is presented by Penal Law § 240.30 (l).[3] That statute is not by definition a continuing crime and may be committed by a single act. However, a continuing crime is one that "may be committed either by one act or by multiple acts.” (People v Keindl, supra, at 421 [emphasis supplied]; (People v Shack, supra, at 540.)
In both People v Smith (89 Misc 2d 789 [App Term, 2d Dept 1977]) and People v Barhan (supra), the defendant was charged in a single count with having made numerous telephone calls over a period of time, in violation of Penal Law § 240.30 (1). In each case, the defendant’s conviction was upheld based upon the manner in which the calls were made, without reference to the content of the calls. In Smith, the court characterized the content as "unobjectionable” (at 791).
The second paragraph of the factual portion of the information in this case falls squarely within the reasoning of Smith *82 (supra). While the content of the alleged calls is "unobjectionable”, the number of calls, while perhaps not as persistent as in Smith, could be found by a jury to have been made in a "manner likely to cause annoyance or alarm” (Penal Law § 240.30 [1]). Thus, those calls may be charged in a single count.
However, the two specific calls alleged in the third paragraph of the information are of a different nature. The content of those alleged calls is not benign. Rather each call contains a specific threat of serious physical injury or death and constitutes a completed crime in and of itself. "[W]here a crime is made out by the commission of one act, that act must be the only offense alleged in the count.” (People v Keindl, supra, at 417.)
As to these two calls, Smith (supra) and Barhan (supra) are distinguishable. The manner of the making of these two calls is unobjectionable. Rather, the People must rely on the content of the calls to establish a violation of the section.
One of the purposes of the prohibition against duplicitous counts, and the one of most concern in this case, is to ensure a unanimous verdict. (People v Keindl, supra.) If both calls were charged in a single count, individual jurors might vote to convict on that count on the basis of a different call. There may be no unanimity that the defendant committed either offense, yet the defendant would stand convicted of the charge. By combining these two calls in a single count, together with the calls alleged in the previous paragraph which rely on an entirely different theory of culpability, there is absolutely no way to ensure a unanimous verdict.
Therefore, the defendant’s motion to dismiss the sole count of Penal Law § 240.30 (1) is granted, unless the People move to add two additional counts of Penal Law § 240.30 (1). One count is to charge the series of calls alleged in the second paragraph of the information while each of the additional counts will charge only one of the calls alleged in the third paragraph.
[Portions of opinion omitted for purposes of publication.]

. "A person is guilty of menacing in the second degree when * * * [h]e or she repeatedly follows a person or engages in a course of conduct or repeatedly commits acts over a period of time intentionally placing or attempting to place another person in reasonable fear of physical injury, serious physical injury or death”.

. "A person is guilty of harassment in the first degree when he or she intentionally and repeatedly harasses another person by following such person in or about a public place or places or by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury.”

. "A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she * ■ * * [c]ommunicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm”.