THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RALPH RISOLO, Respondent. [689 NYS2d 836] —Order unanimously reversed on the law, count three of the indictment reinstated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in dismissing count three of the indictment for lack of specificity. The court agreed with defendant that the 31-day period comprising the entire month of October 1994 contained in count three was so lacking in specificity that defendant would be unduly handicapped in seeking to defend against it.

CPL 200.50 (6) mandates that an indictment contain a statement in each count indicating that the offense charged therein was committed on, or on or about a designated date, or during a designated period of time. The statute neither requires the exact date and time nor restricts the length of the designated period of time that may be stated (*see, People v Keindl,* 68 NY2d 410, 417, *rearg denied* 69 NY2d 823; *People v Morris,* 61 NY2d 290, 294). "When time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms" (*People v Watt,* 81 NY2d 772, 774). The indictment must set forth a time interval that reasonably "serves the function of protecting defendant's constitutional right 'to be informed of the nature and cause of the accusation' " (*People v Morris, supra,* at 294, quoting US Const 6th Amend; *see,* NY Const, art I, § 6), in order to enable defendant to prepare a defense and to use the judgment against further prosecution for the same crime (*see, People v Watt, supra,* at 774). "The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an ad hoc basis by considering all relevant circumstances" (*People v Morris, supra,* at 295). In making that determination, "[t]he nonexclusive list of factors [to be considered] includes the length of the time span provided by the People and the knowledge the People possess or should

acquire with reasonable diligence of the exact or approximate date or dates of the criminal conduct. Additionally, relevant factors include the age and intelligence of the victim and other witnesses; the nature of the offense or offenses, including whether they are likely to be discovered immediately and whether there is a criminal pattern; and all other surrounding circumstances (see, e.g., People v Keindl * * * [supra, at] 419; People v Morris, supra, at 295-296)" (People v Watt, supra, at 774-775).

Applying those principles, we conclude that, under the circumstances of this case involving the sexual abuse of a minor, the one-month time period set forth in count three of the indictment sufficiently specifies the date of the offense charged (see, People v Johnson, 233 AD2d 887, lv denied 89 NY2d 1095; People v Miller, 197 AD2d 925; lv denied 83 NY2d 807). (Appeal from Order of Supreme Court, Monroe County, Ark, J.— Dismiss Count Indictment.) Present—Green, J. P., Lawton, Wisner, Scudder and Callahan, JJ.