■ The People of the State of New York, Respondent, v Joseph Hutzler, Appellant. [706 NYS2d 807] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted of two counts of sodomy in the second degree (Penal Law § 130.45) and one count of endangering the welfare of a child (Penal Law § 260.10). Defendant was a school bus driver who transported the victim, age 13, from school to her home at the time of these crimes. We reject defendant's contention that the verdict is against the weight of the evidence. This case rests primarily on the jury's credibility findings with respect to the testimony of the victim, defendant and defendant's girlfriend, and we conclude that different findings would not have been unreasonable *(see, People v Bleakley,* 69 NY2d 490, 495). However, we must afford great deference to the jury given its opportunity to view the witnesses, and it cannot be said here that the jury failed to give the evidence the weight it should be accorded *(see, People v Bleakley, supra,* at 495).

We reject the contention that defendant was denied effective assistance of counsel. Defendant contends defense counsel failed to take advantage of an opportunity to provide Supreme Court with legal authority to support his request that he be permitted to introduce the testimony of the victim's friends for

purposes of impeaching the victim's testimony, although the victim did not testify about any specific information that she may have related to her friends. Defense counsel advised the court that he did not plan to call the victim's friends as witnesses because, in view of the victim's testimony, the friends would be able to provide only general reputation testimony. Defendant's contention is "a retrospective second-guessing" of counsel's decision (*People v Penwarden,* 258 AD2d 902; *see also, People v Benevento,* 91 NY2d 708, 712). Defense counsel presented a credible defense, including an alibi, and presented 10 witnesses both to support the defense and to call into question the victim's credibility. We conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147).

Defendant contends that the court erred in denying his motion to dismiss the indictment for lack of specificity. Count one, charging sodomy in the second degree, as narrowed by the People's bill of particulars, provided a time frame of "February 27, 1998-March 27, 1998, on the bus ride home, between 2:00-4:00". Although the victim testified on cross-examination that the time frame was "late February, early March", we conclude that the indictment, as narrowed by the bill of particulars, reasonably "serve[d] the function of protecting defendant's constitutional right 'to be informed of the nature and cause of the accusation' " (*People v Morris,* 61 NY2d 290, 294; *see, People v Risolo,* 261 AD2d 921). Defendant presented a credible defense that the act for which he is convicted was not physically possible given his girth and the limited physical space on the bus. Thus, the failure to narrow the time frame further did not prevent defendant from adequately preparing a defense (*see, People v Watt,* 81 NY2d 772, 774).

We further conclude that the second count of the indictment, alleging that the crime of sodomy in the second degree occurred on March 29, 1998, without narrowing the time frame to a specific time of day, was sufficient (*see, People v Risolo, supra*). Although it would have been reasonable for the prosecution to narrow the time frame with respect to the count that charged endangering the welfare of a child (Penal Law § 260.10), from February 1, 1998-May 5, 1998 to February 27, 1998-May 5, 1998, we conclude that the court did not err in denying defendant's motion insofar as it sought dismissal of that count. There was some evidence that inappropriate comments were made by defendant to the victim during February 1998. The crime of endangering the welfare of a child "readily permits characterization as a continuing offense over a period of time"

and "defendant may be guilty of this crime by virtue of a series of acts, none of which may be enough by itself to constitute the offense, but each of which when combined make out the crime" (*People v Keindl*, 68 NY2d 410, 421, *rearg denied* 69 NY2d 823).

Defendant was sentenced to consecutive indeterminate terms of 2⅓ to 7 years' incarceration on the two counts of sodomy in the second degree (Penal Law § 130.45) and a concurrent definite term of one year on the count of endangering the welfare of a child (Penal Law § 260.10). Defendant contends that the sentence is unduly harsh and severe. Defendant had no criminal history, and, although he maintained his innocence, he expressed remorse for the pain suffered by the victim's family. There were many letters submitted on behalf of defendant that attested to his character (*see, People v Sinclair*, 231 AD2d 926, 926-927). Based upon those factors, we conclude that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]), we modify the judgment by directing that the terms of incarceration shall run concurrently. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Sodomy, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.