THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. FURLONG, Appellant. [772 NYS2d 779]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered August 3, 2000. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, sodomy in the second degree, rape in the third degree (two counts), sodomy in the third degree (two counts), and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of one count of rape in the second degree (Penal Law § 130.30), one count of sodomy in the second degree (former § 130.45), two counts of rape in the third degree (§ 130.25 [2]), two counts of sodomy in the third degree (former § 130.40 [2]), and one count of endangering the welfare of a child (§ 260.10 [1]). Defendant contends that County Court erred in denying his request for a *Huntley* hearing to determine whether statements he made during a police-monitored telephone conversation were involuntary under CPL 60.45 (2) (b) (i). That contention is not preserved for our review inasmuch as defendant never requested a hearing on that ground (*see* CPL 470.05 [2]; *see generally People v Sutton*, 111 AD2d 197 [1985], *lv denied* 66 NY2d 768 [1985]). Also unpreserved for our review are the contentions of defendant that there was not a sufficient evidentiary foundation to admit the audiotape in evidence (*see People v Janes*, 261 AD2d 890 [1999], *lv denied* 93 NY2d 1020 [1999]) and that the court erred in failing to charge the jury on the issue of the voluntariness of his statements on the audiotape (*see People v Stroman*, 286 AD2d 974, 975-976 [2001], *lv denied* 97 NY2d 688 [2001]; *People v Nuhibian*, 201 AD2d 962, 963 [1994], *lv denied* 83 NY2d 856 [1994]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant that certain counts of the indictment, as amplified by the bill of particulars, lacked sufficient specificity to enable him to prepare a defense. The two counts concerning "on or about Halloween 1996" are sufficiently specific (*see generally People v Keindl*, 68 NY2d 410, 416-417 [1986], *rearg denied* 69 NY2d 823 [1987]; *People v Risolo* 261 AD2d 921 [1999]), as are the two counts involving the

seasonal time frame of "on or about during the fall of 1998" (*see People v Melfa*, 244 AD2d 857, 858 [1997], *lv denied* 91 NY2d 895 [1998]; *People v Smith*, 178 AD2d 918 [1991], *lv denied* 79 NY2d 953 [1992]; *see also People v Smith*, 272 AD2d 713, 714 [2000], *lv denied* 95 NY2d 871 [2000]; *People v Keefer*, 262 AD2d 791, 792 [1999], *lv denied* 94 NY2d 824 [1999]). Finally, the time frame "starting in 1993 through May of 1999" is sufficiently specific for the count charging the continuing crime of endangering the welfare of a child (*see People v Latouche*, 303 AD2d 246 [2003], *lv denied* 100 NY2d 595 [2003]; *People v Hutzler*, 270 AD2d 934, 935-936 [2000], *lv denied* 94 NY2d 948 [2000]).

Defendant has not preserved for our review his contention that the evidence is legally insufficient with respect to counts 3, 4, and 10 (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Tutt*, 305 AD2d 987, 988 [2003], *lv denied* 100 NY2d 588 [2003]). We reject defendant's further contention that the evidence is legally insufficient with respect to counts six, seven, eight and nine; any inconsistencies in the testimony of the victim with respect to the dates of those crimes merely presented a credibility issue for the jury to resolve (*see People v Bell*, 234 AD2d 915, 915-916 [1996], *lv denied* 89 NY2d 1009 [1997]). We conclude that the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that defendant's sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.