People v Thompson (2025 NY Slip Op 51739(U))

[*1]

People v Thompson

2025 NY Slip Op 51739(U)

Decided on October 30, 2025

County Court, Columbia County

Herman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 30, 2025
County Court, Columbia County

The People of the State of New York

against
Barry Thompson, Defendant.

Indictment No. IND-70022-25

Chris Liberati-Conant, Esq.
Columbia County District Attorney
325 Columbia Street, Suite 260
Hudson, New York 12534
By: Brett M. Fuller, Esq., Assistant District Attorney 
Attorney for the People

Shane A. Zoni, Esq.
Columbia County Public Defender
610 State Street
Hudson, New York 12534
By: Michael Diamond, Esq., Assistant Public Defender
Attorney for the Defendant

Brian J. Herman, J.

By indictment No. 70022-25 the defendant is charged with Predatory Sexual Assault Against a Child in violation of §130.96 of the Penal Law, a Class A-II Felony; Course of Sexual Conduct Against a Child in the First Degree in violation of §130.75(1)(b) of the Penal Law, a Class B Felony; Criminal Sexual Act in the First Degree in violation of §130.50(4) of the Penal Law, a Class B Felony; Sexual Abuse in the First Degree in violation of §130.65(4) of the Penal Law, a Class D Felony; Sexual Abuse in the Second Degree in violation of §130.60(2) of the Penal Law, a Class A Misdemeanor (5 counts); Criminal Sexual Act in the Second Degree in violation of §130.45(1) of the Penal Law, a Class D Felony (15 counts); Criminal Sexual Act in the Third Degree in violation of §130.40(2) of the Penal Law, a Class E Felony (40 counts); Menacing in the Second Degree in violation of Section 120.14(1) of the Penal Law, a Class A Misdemeanor; and Endangering the Welfare of a Child in violation of Section 260.10(1) of the [*2]Penal Law, a Class A Misdemeanor. The charged offenses are alleged to have occurred in the Town of Hillsdale, Columbia County between 2011 and 2019 against two then-minor children.
In a separate indictment (No. 70034-25) the defendant is charged with eight counts of Criminal Possession of a Weapon in the Third Degree, a Class B Felony, in violation of Penal Law Sections 265.02(7) (Counts One and Two) and 265.02(8) (Counts Three through Eight). As to Counts One and Two it is alleged that the defendant knowingly possessed two assault rifles at a 585 County Route 21 in the Town of Hillsdale, Columbia County. As to Counts Three through Eight it is alleged that the defendant knowingly and unlawfully possessed six large capacity ammunition feeding devices at 20 Columbia Street, Apt. 5C in an unspecified municipality within Columbia County.
The defendant pled not guilty to all counts of both indictments and now, by his attorney, moves this court for the following relief:
1. Inspection of the grand jury minutes (CPL §210.30[2])
2. Sandoval/Ventimiglia/Molineux hearings
3. Suppression of statements pursuant to CPL §710.30 and People v Huntley, 15 NY2d 72 (1965)
4. Dismissal of all counts on grounds that the indictment fails to sufficiently allege when the charged offenses were committed (CPL §200.56)
5. Severance of indictment Nos. 70022-25 and 70034-25 for purposes of trial (CPL §200.20)
6. Leave to submit further motions and
7. Other and further relief as the court deems just and proper. The People submitted an affirmation in opposition. The defendant did not reply. INSPECTION OF GRAND JURY MINUTES 
(INDICTMENT NO. 70022-25)
When considering a motion to dismiss an indictment for legal insufficiency of the evidence before the grand jury pursuant to CPL §210.20(1)(b), courts are limited to determining whether there was presented "competent evidence which, if accepted as true, establishes every element of the offense charged" or any lesser offense and the defendant's commission thereof (CPL §70.10; CPL §190.65[1]; People v Deleon, 34 NY3d 965, 966 [2019]). Evidence presented to the grand jury is legally sufficient if "viewed in the light most favorable to the People, and if unexplained and uncontradicted, it would warrant conviction by a petit jury" (People v Jennings, 69 NY2d 103, 114 [1986]; People v Gaworecki, 37 NY3d 225 [2021]). 
The burden of proof in a grand jury proceeding is not guilt beyond a reasonable doubt, but rather whether the People have made a prima facie showing, utilizing legally admissible evidence, to satisfy each element of the crime charged (People v Powell, 58 AD2d 964 [Third Dept 1977]). The court has reviewed the entirety of the grand jury minutes in camera.
Count One of the indictment charges the defendant with Predatory Sexual Assault Against a Child in violation of §130.96 of the Penal Law. A person is guilty of Predatory Sexual Assault Against a Child when, being eighteen years old or more, he or she commits the crime of Rape in the First Degree, Criminal Sexual Act in the First Degree, Aggravated Sexual Abuse in the First Degree, or Course of Sexual Conduct Against a Child in the First Degree and the victim is less than thirteen years old. It is alleged that "on or about and between Summer/Fall 2011 and [*3]December 25, 2011" in the Town of Hillsdale, Columbia County, the defendant "committed the crime of Course of Sexual Conduct Against a Child in the First Degree in violation of Section 130.75(1)(a) of the Penal Law against a person who was less than thirteen years old . . . said person who is known to the Grand Jury with a date of birth of August 14, 2000." 
A person is guilty of Course of Sexual Conduct Against a Child in the First Degree in violation of Section 130.75(1)(a) when, over a period of time not less than three months in duration, he or she engages in two or more acts of sexual conduct, which includes at least one act of vaginal sexual contact, oral sexual contact, anal sexual contact or aggravated sexual contact, with a child less than eleven years old. 
The complaining witness born on August 14, 2000 reached the age of eleven years on August 14, 2011. The indictment, not insufficiently (see discussion infra), but nebulously, alleges that the defendant's conduct constituting Course of Sexual Conduct Against a Child commenced "on or about Summer/Fall 2011." This complaining witness was, of course, under the age of eleven years for that portion of the Summer of 2011 until his birthday on August 14, 2011. Accordingly, evidence of sexual conduct occurring beyond this date cannot support a charge of Course of Sexual Conduct under Section 130.75(1)(a) (People v Porlier, 55 AD3d 1059, 1062 [3d Dept 2008]). While this witness testified to being subjected to sexual contact (as defined in Penal Law §130.00[3]) by the defendant in the "Summer into the Fall of 2011," which period partially pre-dates his eleventh birthday, he testified that acts of oral sex (satisfying the vaginal/oral/anal/aggravated sexual conduct element of the charge) only commenced in the fall or winter of 2011, after he had turned eleven years old. As the evidence before the grand jury is undoubtedly insufficient to support a charge of Course of Sexual Conduct Against a Child in the First Degree under Penal Law §130.75(1)(a), Count One of the indictment is defective as pleaded. 
The court does note, however, that in instructing the grand jury as to the elements of Predatory Sexual Assault Against a Child, the presenting Assistant District Attorney instructed as to the elements of Course of Sexual Conduct Against a Child in the First Degree under Penal Law §130.75(1)(b), to wit: "a person is guilty of Course of Sexual Conduct Against a Child in the First Degree when, over a period of time not less than three months in duration, he or she, being eighteen years of age or more, engages in two or more acts of sexual contact which includes at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact with a child less than thirteen years old."
Neither party having identified or addressed this issue in their papers, counsel are directed to present oral argument as to the viability of Count One at the onset of pre-trial hearings on December 9, 2025 at 9:30 a.m.
Counts Five Through Nine of the indictment charge the defendant with Sexual Abuse in the Second Degree in violation of §130.60(2) of the Penal Law. The court notes that the indictment as to Counts Five through Eight reference Sexual Abuse in the Second Degree as constituting a Class E Felony. However, Sexual Abuse in the Second Degree, as defined in §130.60 of the Penal Law, is a Class A Misdemeanor. Count Nine of the indictment is accurate in this regard. Insofar as the Penal Law references in Counts Five through Eight are otherwise consistent and accurate, the text is sufficient to apprise the defendant as to the charges and the People are granted leave to move for correction the indictment accordingly (see People v Ashcroft, 233 AD3d 1080, 1082 [Third Dept 2024; CPL 200.70(1)]).
Considering the entirety of the testimony and evidence presented to the grand jury in [*4]connection with the indictment, the court finds that the proceedings were proper in form and conduct. With the exception of Count One, upon which the court reserves decision pending oral argument, the court further finds that the People presented competent and legally sufficient evidence to establish, prima facie, that the defendant committed each of the remaining charged crimes, to wit: Course of Sexual Conduct Against a Child in the First Degree in violation of §130.75(1)(b) of the Penal Law, a Class B Felony; Criminal Sexual Act in the First Degree in violation of §130.50(4) of the Penal Law, a Class B Felony; Sexual Abuse in the First Degree in violation of §130.65(4) of the Penal Law, a Class D Felony; Sexual Abuse in the Second Degree in violation of §130.60(2) of the Penal Law, a Class A Misdemeanor (5 counts); Criminal Sexual Act in the Second Degree in violation of §130.45(1) of the Penal Law, a Class D Felony (15 counts); Criminal Sexual Act in the Third Degree in violation of §130.40(2) of the Penal Law, a Class E Felony (40 counts); Menacing in the Second Degree in violation of Section 120.14(1) of the Penal Law, a Class A Misdemeanor; and Endangering the Welfare of a Child in violation of Section 260.10(1) of the Penal Law, a Class A Misdemeanor. 

 INSPECTION OF GRAND JURY MINUTES

 (INDICTMENT NO. 70034-25)
Once again, the court has reviewed the entirety of the grand jury minutes in camera.
In proceedings before the grand jury, Investigator Kris Bauhoff of the Columbia County Sheriff's Office testified to participating in the execution of a search warrant at 585 County Route 21 in the Town of Hillsdale, Columbia County on February 13, 2025. Investigator Bauhoff testified that during the search of the premises he located an SKS semi-automatic rifle that had been modified to accept a detachable magazine and bayonet, a Mossberg pump-action shotgun having a pistol grip and six large capacity magazines. He demonstrated the functionality of the firearms and testified to having test fired them to confirm their operability. 
Investigator Bauhoff, the only witness who testified before the grand jury in connection with this indictment, did not testify to participating in any other searches on any other dates or at any other locations. On the basis of Investigator Bauhoff's testimony, the grand jury returned an indictment charging the defendant with eight counts of Criminal Possession of a Weapon in the Third Degree in violation of Penal Law §265.02. Counts One and Two pertain to the firearms, Counts Three through Eight to the magazines.
As to Counts One and Two, it is alleged that on or about February 13, 2025, at 585 County Route 21 in the Town of Hillsdale, Columbia County, the defendant knowingly possessed certain assault rifles. As to Counts Three through Eight, it is alleged that on December 5, 2023, at 20 Columbia Street, Apt. 5C in an unspecified municipality within the County of Columbia, the defendant knowingly possessed six separate large capacity ammunition feeding devices.
The infirmities as to the date and location set forth in Counts Three through Eight notwithstanding, the indictment is fatally flawed as to all counts because there was no evidence before the grand jury that the defendant owned, occupied, frequented, exercised dominion or control over or had any connection whatsoever to the premises at 585 County Route 21, Hillsdale where all of the items that the defendant is charged with possessing were discovered (see People v Scott, 206 AD3d 392, 393-394 [Second Dept. 1994]; People v Hardy, 42 Misc 3d 211, 216-217 [Clinton County Ct 2013]). Nor was any evidence presented which connected the defendant to the weapons or accessories, be it reflecting procurement or handling, on February [*5]13, 2025, December 5, 2023 or at any other time (see People v Hensley, 227 AD3d 1548, 1550 [Fourth Dept 2024]). In point of fact, save for the presenting Assistant District Attorney's statement, "[w]e will be presenting for your consideration the case of the People of the State of New York versus Barry Thompson," the defendant's name was never uttered in the presentation of the case to the grand jury.
Ample evidence was presented to the grand jury that someone unlawfully possessed these firearms and magazines. In the complete absence of evidence that it was the defendant who possessed them, however, the indictment must be dismissed (see People v Freeman, 198 AD2d 725 [Third Dept 1993]). The People shall have leave to re-present the case to a subsequent grand jury.

SANDOVAL/VENTIMIGLIA/MOLINEUX HEARINGS
Hearings granted on consent. The People shall be prepared to address any Sandoval/Ventimiglia/Molineux evidence they intend to introduce at pre-trial hearings to be held on December 9, 2025 at 9:30 a.m.

SUPPRESSION OF STATEMENTS
The People represent having served upon the defense a notice pursuant to CPL §710.30. The defense acknowledges receipt thereof without assertion that such service was untimely. The People make no representation that they intend to utilize at trial any other or further statements within the purview of Section 710.30 not previously disclosed to the defense. The court acknowledges the People's obligations under CPL §710.30 and will entertain further motions as deemed appropriate by the defendant's counsel. 
As to the question of the voluntariness of any statements made by the defendant to a public servant engaged in law enforcement activity or to a person then acting under the direction of such public servant [see People v Huntley, 15 NY2d 72 (1965); see also CPL §60.45], a Huntley hearing is granted upon consent to be held on December 9, 2025 at 9:30 a.m.

SUFFICIENCY OF DATES AND PERIODS ALLEGED
(INDICTMENT NO. 70022-25)
The defendant moves for dismissal of all counts of indictment No. 70022-25 on grounds that the indictment fails to sufficiently identify when the alleged criminal conduct occurred. The operable analytical framework is cogently summarized in the Court of Appeals' 1993 decision in People v Watt (81 NY2d 772 [1993]). 
CPL §200.50[6] requires that an indictment contain "a statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time." When time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms. The indictment must, however, set forth a time interval which reasonably serves the function of protecting the defendant's constitutional right to be informed of the nature and cause of the accusation, so as to enable the defendant to prepare a defense and to use the judgment against further prosecution for the same crime (Watt, supra at 774, quoting People v Morris, 61 NY2d 290, 294; US Const 6th Amend; see also NY Const, art I, §6). The Court of Appeals has held that "[i]t may be that the interval ascribed for a particular crime is so excessive that, on its face, it is unreasonable and dismissal should follow" (Morris, supra at 295). However, "[t]he determination of whether sufficient specificity to adequately prepare a defense has been [*6]provided to a defendant by the indictment and bill of particulars must be made on an ad hoc basis by considering all relevant circumstances" (id. at 295). 
The Court of Appeals has developed a set of criteria to be considered in rendering this determination. "The nonexclusive list of factors includes the length of the time span provided by the People and the knowledge the People possess or should acquire with reasonable diligence of the exact or approximate date or dates of the criminal conduct. Additionally, relevant factors include the age and intelligence of the victim and other witnesses; the nature of the offense or offenses, including whether they are likely to be discovered immediately and whether there is a criminal pattern; and all other surrounding circumstances" (Watt, supra at 774-775; citing People v Keindl, 68 NY2d 410, 419 [1986]; Morris, supra at 295).
The time periods alleged in each count of the indictment are as follows:
Counts One and Two: between summer/fall 2011 and December 25, 2011;
Count Three: between summer 2012 and summer 2013;
Count Four: between summer/fall 2011 and December 25, 2011;
Counts Five through Nine: between winter 2017 and spring 2018;
Counts Ten through Twelve: spring 2018;
Counts Thirteen through Twenty-Four: summer 2018;
Counts Twenty-Five through Thirty-Two: March 2019;
Counts Thirty-Three through Forty: April 2019;
Counts Forty-One through Forty-Eight: May 2019;
Counts Forty-Nine through Fifty-Six: June 2019;
Counts Fifty-Seven through Sixty-Four: July 2019;
Count Sixty Five and Sixty-Six: August 2019.
In their bill of particulars, the People do not concede insufficiency or their ability to more narrowly articulate these time periods. Instead, the People incorporate by reference the complaining witnesses' testimony before the grand jury in an apparent effort to contextualize the circumstances of the charges.
Turning first to Counts One and Two, insofar as these charge the defendant with Predatory Sexual Assault Against a Child (Penal Law §130.96) and Course of Sexual Conduct Against a Child in The First Degree (Penal Law §130.75[1][b]), respectively, each being continuing offenses to which "the usual requirements of specificity with respect to time do not apply," the defendant's motion is denied as to these counts (see People v Green, 17 AD3d 1076, 1077 [2005]). 
Review of the grand jury minutes reveals that, in all but three counts of the indictment, (specifically, Counts Three, Sixty-Five and Sixty-Six) the alleged criminal conduct occurred more than once — and, in most cases, several times — over the specified time period. Given the frequency and pattern of the alleged sexual misconduct, the ages of the complaining witness and the defendant's alleged threats of extreme violence against the complainants and their families (see People v Case, 29 AD3d 706 [Second Dept 2006]; People v Persaud, 98 AD3d 527 [Second Dept 2012]; People v Oglesby, 12 AD3d 857 [Third Dept 2004]); People v Smith, 272 AD2d 713 [Third Dept 2000]), the court finds that the timeframes specified in Counts Three and Five through Sixty-Four encompassing months or seasons (see People v Risolo, 261 AD2d 921, 922 [Fourth Dept 1999] [holding one month period alleged in indictment sufficient]; see also People v Spencer, 119 AD3d 1411, 1413 [Fourth Dept 2014] [holding three-month "seasonal" period sufficiently specific]) are sufficient to give the defendant adequate notice of the charges to [*7]enable him to prepare a defense, to ensure that the crimes for which he is tried are in fact the crimes with which he is charged and protect his right not to be twice placed in jeopardy for the same conduct (see People v McLoud, 291 AD2d 867, 868 [2002]). Therefore, the defendant's motion for dismissal of these counts is also denied.
Counts Three (Criminal Sexual Act in the First Degree in violation of Penal Law §130.50[4]), Sixty-Five (Menacing in the Second Degree in violation of Penal Law §120.14[1]) and Sixty-Six (Endangering the Welfare of a Child in violation of Penal Law §260.10[1]) are distinguishable in that the conduct constituting the basis for each of these offenses is alleged to have occurred on only one occasion. With respect to Counts Sixty-Five and Sixty-Six, the court finds, for the reasons set forth hereinabove, that the time period "August 2019" is sufficient, and as such, the defendant's motion as to these counts is denied. 
Count Three alleges that "on or about and between [s]ummer 2012 and [s]ummer 2013" the defendant "engaged in anal sexual conduct with a victim . . . whose date of birth is August 14, 2000 . . ." Turning to the grand jury testimony of the complaining witness born August 14, 2000, on inquiry by the presenting Assistant District Attorney whether when he was "12 going on 13, so summer of 2012 . . . going into 2013 . . . something different happened with [the defendant] or that [the defendant] requested something different of [him]" the witness testified that the defendant "more or less told me to use my penis on his anus" and that it happened "just that one time." Based on the complaining witness' testimony, the court finds that the time period specified in Count Three of the indictment is unreasonably and unnecessarily expansive (see People v Keindl, 68 NY2d 410, 419 [1986]). However, insofar as the People have, by reference to the grand jury minutes in their bill of particulars, narrowed the charged conduct of Count Three as having occurred in the summer of 2012, i.e., the summer "going into 2013" when the complaining witness was "twelve going on thirteen," the defendant is charged with committing the crime of Criminal Sexual Act in the First Degree in violation of Penal Law §130.50(4) in summer 2012. Once again, for the reasons stated above, this narrowed time period adequately comports with CPL §200.50(6) and principles of due process. At trial, evidence of acts outside this period shall be inadmissible as to Count Three (People v Beauchamp, 74 NY2d 639, 641 [1989] ["[t]hat the trial evidence subsequently narrowed the scope of the defendant's illegal conduct is irrelevant. Defendant was entitled to pretrial notice of the charges so that he would be able to adequately prepare a defense"]).

 SEVERANCE
In light of the court's dismissal of indictment No. 70034-25, the defendant's motion for severance is denied as moot.

 FURTHER MOTIONS AND OTHER RELIEF
The court will review additional motions on an individual basis and rule accordingly.
Accordingly, it is hereby
ORDERED that counsel for the parties shall present oral argument as to the viability of Count One of indictment No. 70022-25 at the onset of pre-trial hearings to be held on December 9, 2025 at 9:30 a.m.; and it is further
ORDERED that the People are granted leave to move for correction of Counts Five through Eight of indictment No. 70022-25; and it is further
ORDERED that indictment No. 70034-25 is dismissed with leave to re-present to a subsequent grand jury; and it is further
ORDERED that the People shall be prepared to address any Sandoval/Ventimiglia/Molineux evidence they intend to introduce at pre-trial hearings to be held on December 9, 2025 at 9:30 a.m.; and it is further
ORDERED that a Huntley hearing on indictment No. 70022-25 will be held on December 9, 2025 at 9:30 a.m.; and it is further
ORDERED that the defendant's motion for dismissal of all counts of indictment 70022-25 on grounds that the indictment fails to sufficiently allege when the charged offenses were committed is denied; and it is further
ORDERED that the defendant's motion for severance of indictment Nos. 70022-25 and 70034-25 is denied as moot; and it is further
ORDERED that the court will review additional motions on an individual basis and rule accordingly; and it is further
ORDERED that jury trial on indictment No. 70022-25 shall commence on January 27, 2026 at 9:00 a.m.
This constitutes the decision and order of the court. 
Dated: October 30, 2025
Hudson, New York
Hon. Brian J. Herman
Papers Considered:
1. Indictment No. 70022-25
2. Bill of Particulars (indictment No. 70022-25), dated March 20, 2025
3. Indictment No. 70034-25
4. Notice of Omnibus Motion, dated September 30, 2025
5. Affirmation of Michael Diamond, Esq., affirmed September 30, 2025, with exhibits
6. Affirmation in Opposition of Brett M. Fuller, Esq., affirmed October 14, 2025
7. Grand jury minutes, February 11, 2025 (indictment No. 70022-25), with exhibits
8. Grand jury minutes, February 28, 2025 (indictment No. 70034-25), with exhibits